IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ISABEL BAUBLITZ, as Personal | * | |
| Representative of the Estate of | | |
| HARRY BAUBLITZ, | * | |
| 14989 Whitesville Road | | |
| Delmar, Delaware 19940 | * | |
| | | |
| and | * | |
| | | |
| ISABEL BAUBLITZ | * | |
| 14989 Whitesville Road | | |
| Delmar, Delaware 19940 | * | |
| | | |
| and | * | |
| | | |
| JOSEPH CROCE | * | |
| 22076 Eskridge Road | | Case No. _____ |
| Bridgeville, Delaware 19933 | * | |
| | | |
| and | * | |
| | | |
| VIRGINIA CROCE | * | |
| 22076 Eskridge Road | | |
| Bridgeville, Delaware 19933 | * | |
| | | |
| and | * | |
| | | |
| MARIE HILL | * | |
| 801 South Market Street | | |
| Blades, Delaware 19973 | * | |
| | | |
| and | * | |

1

ERNEST HILL                          *
801 South Market Street
Blades, Delaware 19973               *

        and                          *

ROBERT HORTON                        *
43 Valley Forge Drive
Milford, Delaware 19963              *

        and                          *

CINDY HORTON                         *
43 Valley Forge Drive
Milford, Delaware 19963              *

        and                          *

FRANK MERRILL                        *
PO Box 55
Greenbackville, Virginia 23356       *

        and                          *

LEE MERRILL                          *
PO Box 55
Greenbackville, Virginia 23356       *

        and                          *

DONALD MILLIGAN                      *
9012 Riverside Drive
Seaford, Delaware 19973              *

        and                          *

DOLORES MILLIGAN                    *
9012 Riverside Drive
Seaford, Delaware 19973             *

     and                              *

DENNARD QUILLEN                     *
205 West Side Drive
Rehobeth, Delaware 19971            *

     and                              *

CHARLOTTE QUILLEN                   *
205 West Side Drive
Rehobeth, Delaware 19971            *

     and                              *

RAYMOND ROSENBERGER                 *
7279 Sunset Drive
Chincoteague Island, Virginia       *

     and                              *

NANCY ROSENBERGER                   *
7279 Sunset Drive
Chincoteague Island, Virginia       *

     and                              *

BETTY RUSSELL                       *
13293 Gravelly Branch Road
Georgetown, Delaware 19947          *

and                                          *

BRUCE RUSSELL                                *
13293 Gravelly Branch Road
Georgetown, Delaware 19947                   *

and                                          *

LEROY SCRIBA                                 *
32559 Meadowbranch Drive
Laurel, Delaware 19956                        *

and                                          *

ELINOR SCRIBA                                *
32559 Meadowbranch Drive
Laurel, Delaware 19956                        *

and                                          *

HARRY WARBURTON                              *
PO Box 237
Millville, Delaware 19970                    *

and                                          *

RONALD WILLIAMSON                            *
20700 Camp Road
Bridgeville, Delaware 19933                  *

and                                          *

ELIZABETH WILLIAMSON                         *
20700 Camp Road
Bridgeville, Delaware 19933                  *

4

     and                                  *

FRANK WORKMAN          *
26381 Seaford Road
Seaford, Delaware 19973      *

     and                                   *

SHIRLEY WORKMAN     *
26381 Seaford Road
Seaford, Delaware 19973      *

     Plaintiffs               *

                                       *

v.

                                     *

PENINSULA REG, MED. CTR.
100 East Carroll Street      *
Salisbury, Maryland 21801

                                     *

  <u>Serve On: Resident Agent</u>
  Daniel J. Mulvanny      *
  100 East Carroll Street
  Salisbury, Maryland 21801   *

     and                                   *

PENINSULA REGIONAL HEALTH *
  SYSTEM, INC.
100 East Carroll Street      *
Salisbury, Maryland 21801

                                     *

Serve On: <u>Resident Agent</u>
   Daniel J. Mulvanny            *
   100 East Carroll Street
   Salisbury, Maryland 21801      *

   and                                 *

JOHN R. MCLEAN, M.D.       *
1315 South Division Street
Salisbury, Maryland 21804      *

   and                                 *

JOHN R. MCLEAN, M.D. &     *
   ASSOCIATES
440 Rolling Road               *
Salisbury, Maryland 21801
                                   *

   <u>Serve On: Resident Agent</u>
   John R. McLean, M.D.      *
   440 Rolling Road
   Salisbury, Maryland 21801     *

   Defendants               *

*    *    *    *    *    *    *    *    *    *    *    *

## <u>COMPLAINT AND DEMAND FOR JURY TRIAL</u>

Plaintiff, Isabel Baublitz, as Personal Representative of the Estate of Harry Baublitz, and Harry and Isabel Baublitz, as Husband and Wife; Joseph Croce, Individually, Joseph and Virginia Croce, as Husband and Wife; Marie Hill, Individually, and Ernest and Marie Hill, as Husband and Wife; Robert Horton,

6

Individually, and Robert and Cindy Horton, as Husband and Wife; Frank Merrill, Individually; Frank and Lee Merrill, as Husband and Wife; Donald Milligan, Individually; Donald and Dolores Milligan, as Husband and Wife; Dennard Quillen, Individually; Dennard and Charlotte Quillen, as Husband and Wife; Raymond Rosenberger, Individually; Raymond and Nancy Rosenberger, as Husband and Wife; Betty Russell, Individually; Bruce and Betty Russell, as Husband and Wife; Leroy Scriba, Individually; Leroy and Elinor Scriba, as Husband and Wife; Harry Warburton, Individually; Ronald Williamson, Individually; Ronald and Elizabeth Williamson, as Husband and Wife; Frank Workman, Individually; and Frank and Shirley Workman, as Husband and Wife; by and through their attorneys, Stuart M. Salsbury, Paul D. Bekman, E. Dale Adkins, III, Gregory G. Hopper, and Salsbury, Clements, Bekman, Marder & Adkins. LLC, hereby sue and bring the following medical negligence claims against Defendants, Peninsula Regional Medical Center, Peninsula Regional Health System, Inc. (collectively referred to as "Peninsula Regional"), John R. McLean, M.D., and John R. McLean, M.D & Associates (collectively referred to as "Dr. McLean"), and, in support thereof, state as follows:

## OVERVIEW OF ALLEGATIONS

1.      Dr. John McLean and the staff at Peninsula Regional Medical Center performed a series of unnecessary cardiac catheterization and stent placement surgeries on the Plaintiffs and others in the last five years. The medical records evidence a pattern of negligent behavior on the part of Dr. McLean and Peninsula Regional.

2.      Dr. McLean dramatically overstated findings from cardiac stress tests and diagnostic imaging studies and, based upon those findings, convinced his patients to undergo cardiac procedures that were unnecessary and non-indicated.

3.      The nurses, technicians, and staff in the Cardiac Catheterization Lab at Peninsula Regional Medical Center worked hand-in-hand with Dr. McLean, knew or should have known what he was doing, participated in the unnecessary and non-indicated procedures, and failed to prevent or report his actions.

4.      The Director of Peninsula Regional's Catheterization Lab, his staff, and other agents, servants, and/or employees of the Hospital were responsible for periodically reviewing Dr. McLean's actions as part of the Hospital's ongoing credentialing, privileging, and Catheterization Lab policies. Despite the fact that they knew or should have known that Dr. McLean was regularly performing

unnecessary and non-indicated procedures, these people continued to extend him access to the Catheterization Lab, give him privileges to perform the procedures, and rewarded him with large blocks of favorable scheduling time.

5.     Isabel Baublitz resides at 14989 Whitesville Road in Delmar, Delaware and resided there with her husband, Harry Baublitz, until his death last year. Mrs. Baublitz has been appointed Personal Representative of the Estate of Harry Buablitz. At all times hereinafter set forth, Harry and Isabel Baublitz were married to each other. Mrs. Baublitz is a citizen of Delaware.

6.     Joseph Croce and Virginia Croce reside at 22076 Eskridge Road in Bridgeville, Delaware and, at all times hereinafter set forth, were and are married to each other. Mr. and Mrs. Croce are citizens of Delaware.

7.     Ernest and Marie Hill reside at 801 South Market Street in Blades, Delaware and, at all times hereinafter set forth, were and are married to each other. Mr. and Mrs. Hill are citizens of Delaware.

8.     Robert and Cindy Horton reside at 43 Valley Forge Drive in Milford, Delaware and, at all times hereinafter set forth, were and are married to each other. Mr. and Mrs. Horton are citizens of Delaware.

9.     Frank and Lee Merrill reside in Greenbackville, Virginia and, at all times hereinafter set forth, were and are married to each other. Mr. and Mrs. Merrill are citizens of Virginia.

10.     Donald and Dolores Milligan reside at 9012 Riverside Drive in Seaford, Delaware and, at all times hereinafter set forth, were and are married to each other. Mr. and Mrs. Milligan are citizens of Delaware.

11.     Raymond and Nancy Rosenberger resides at 7297 Sunset Drive in Chincoteague Island, Virginia and, at all times hereinafter set forth, were and are married to each other. Mr. and Mrs. Rosenberger are citizens of Virginia.

12.     Dennard and Charlotte Quillen reside at 205 West Side Drive in Rehobeth Beach, Delaware and, at all times hereinafter set forth, were and are married to each other. Mr. and Mrs. Quillen are citizens of Delaware.

13.     Bruce and Betty Russell reside at 13293 Gravelly Branch Road in Georgetown, Delaware and, at all times hereinafter set forth, were and are married to each other. Mr. and Mrs. Russell are citizens of Delaware.

14.     Leroy and Elinor Scriba reside at 32559 Meadowbranch Drive in Laurel, Delaware and, at all times hereinafter set forth, were and are married to each other. Mr. and Mrs. Scriba are citizens of Delaware.

15.     Harry Warburton resides in Millville, Delaware. Mr. Warburton is a citizen of Delaware.

16.     Ronald and Elizabeth Williamson reside at 20700 Camp Road in Bridgeville, Delaware and, at all times hereinafter set forth, were and are married to each other. Mr. and Mrs. Williamson are citizens of Delaware.

17.     Frank and Shirley Workman reside at 26381 Seaford Road in Seaford, Delaware and, at all times hereinafter set forth, were and are married to each other. Mr. and Mrs. Workman are citizens of Delaware.

18.     At all times hereinafter set forth and at all relevant times, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., were and are organized and existing under the laws of the State of Maryland and operate their principal place of businesses in Maryland. As part of their businesses, these Defendants held their actual and apparent agents, servants and/or employees out to Plaintiffs and the general public as able, competent, and qualified medical professionals who rendered and provided health care, treatment, and other services within the ordinary standards of care in their respective fields. In so doing, the Defendants were vicariously liable for the actions of its actual and apparent agents, servants, and/or employees and owed a duty to Plaintiffs to exercise reasonable

skill and care in monitoring, supervising, training, and evaluating the skills and competencies of its people to ensure that they possessed and complied with that degree of skill and knowledge ordinarily possessed by those who devote special study and attention to the practice of their selected fields.

19.    In addition, at all times hereinafter set forth and at all relevant times, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., had a specialized Cardiac Catheterization Lab that was held open to Plaintiffs and members of the general public. The Defendants afforded privileges and facilities usage time and the support to Dr. John McLean and other interventional cardiologists through its actual and apparent agents, servants, and/or employees so that they could perform cardiac catheterization and other cardiac procedures in the Hospital. The Defendants appointed a Director of the Catheterization Lab and provided him with staff and resources to regularly and routinely monitor, supervise, and evaluate Dr. McLean, the other interventional cardiologists, and others who worked in and around the lab. The HealthCare Providers also appointed members to a privileging committee that regularly and routinely monitored, supervised, and evaluated the qualifications and skills of the interventional cardiologists and offered them privileges to work in the lab. By

undertaking these efforts, and assigning these responsibilities to its actual and apparent agents, servants, and/or employees, the Defendants became vicariously liable for their actions and assumed the duty to exercise ordinary care in the extending privileges to the interventional cardiologists and ensuring that they were complying with that degree of skill and knowledge ordinarily possessed by those who devote special study and attention to the practice of their selected fields.

20.    At all times hereinafter set forth, and  at all relevant times, Defendant, John R. McLean, M.D., was a resident and citizen of Maryland and worked and lived in Maryland. As part of his work, the Defendant held himself out to Plaintiffs and the general public as an experienced, competent, and able interventional cardiologist and doctor who possessed that degree of skill and knowledge ordinarily possessed by those who devote special study and attention to the practice of interventional cardiology and medicine, and, as such, owed a duty to Plaintiffs to render that degree of care and treatment ordinarily rendered by those who devote special study and attention to those practice areas.

21.    At all times hereinafter set forth, and at all relevant times, Defendant, John R. McLean, M.D. & Associates, was a professional association organized and existing under the laws of the State of Maryland and operated its principal place of

businesses in Maryland. As part of its businesses, the Defendant held itself out to Plaintiffs and the general public as a professional association offering cardiology and related medical services and, in such a capacity, held its actual and apparent agents, servants and/or employees out to Plaintiffs and the general public as able, competent, and qualified medical professionals who rendered and provided health care, treatment, and other services within the ordinary standards of care in their respective fields. In so doing, the Defendant was vicariously liable for the actions of its actual and apparent agents, servants, and/or employees and owed a duty to Plaintiffs to exercise reasonable skill and care in monitoring, supervising, training, and evaluating the skills and competencies of its people to ensure that they possessed and complied with that degree of skill and knowledge ordinarily possessed by those who devote special study and attention to the practice of their selected fields.

22.    At all times hereinafter set forth, and at all relevant times, Defendant, John R. McLean, M.D., was an actual and/or apparent agent, servant, and/or employee of Defendants, Peninsula Regional Medical Center, Peninsula Regional Health System, Inc., and John R. McLean, M.D. & Associates.

23.    At all times hereinafter set forth, and at all relevant times, Defendants, Peninsula Regional Medical Center, Peninsula Regional Health System, Inc., by and through their actual and apparent agents, servants, and/or employees, extended privileges and allowed Defendant, John R. McLean, M.D., to perform cardiac catheterizations and other cardiac procedures in their Catheterization Lab.

24.    At all times hereinafter set forth, and at all relevant times, the actual and apparent agents, servants, and/or employees of Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., including, but not limited to, nurses, cardiac catheterization technicians, and radiology technicians, were physically present during each of the cardiac catheterizations and other cardiac procedures Dr. McLean performed in the Catheterization Lab; had access to and reviewed the medical records and charts of each of the patients who underwent cardiac catheterizations and other cardiac procedures by Dr. McLean in the Catheterization Lab; conducted pre-procedure work-ups of each of the patients who underwent cardiac catheterizations and other cardiac procedures by Dr. McLean in the Catheterization Lab; assisted Dr. McLean in the performance of each of the cardiac catheterizations and other cardiac  procedures he performed on patients in the Catheterization Lab; viewed and monitored the images of the hearts

15

and vascular system of each of the patients who underwent cardiac catheterizations and other cardiac procedures by Dr. McLean in the Catheterization Lab; assisted Dr. McLean in the placement of catheters and other instruments during each of the cardiac catheterizations and other cardiac procedures he performed on patients in the Catheterization Lab; and provided post-procedure care and treatment to each of the patients who underwent cardiac catheterizations or other cardiac procedures by Dr. McLean in the Catheterization Lab.

25.    This Court has jurisdiction over this action under the diversity of citizenship provision found in 28 U.S.C. 1332. All of the Plaintiffs in this action are citizens of Delaware or Virginia who are suing Defendants from Maryland.

26.    The amount in controversy in this action, for the Plaintiffs collectively and for each and every count in this pleading, exceeds the jurisdictional limit of $75,000 (Seventy Five Thousand Dollars).

27.    Venue is proper in this action pursuant to 28 U.S.C. 1391(a).

28.    In compliance with Maryland law, each of the Plaintiffs filed one or more Statements of Claim, Certificates of Merit, Reports in support of their Certificates of Merit, and Elections to Waive Arbitration with the Health Care

Alternative Dispute Resolution Office of Maryland. A copy of the Certificates of Merit and Reports in support thereof are attached hereto as **Exhibit 1**.

COUNT 1: NEGLIGENCE
(Harry Babulitz, in his Individual Capacity, against John R. McLean, M.D. and John R. McLean, M.D & Associates)

29.     Plaintiff, Harry Babulitz, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

30.     Harry Babulitz was admitted to Peninsula Regional Hospital on January 20, 2006 for cardiac catheterization and stent placement procedures.

31.     Prior to his admission, Mr. Baublitz had seen his cardiologist, Dr. John McLean, and been told that he needed to undergo catheterization and stent placement procedures because of a significant blockage in his Left Anterior Descending Artery was affecting his cardiac health and causing cardiac symptoms

32.     At the time, Mr. Baublitz had metastatic cancer and had a significantly shortened life expectancy. Because of this, cardiac intervention was only appropriate if there was a significant threat to Mr. Baublitz's life or a blockage was causing severe symptoms.

33.     The catheterization and stent placement procedures were performed as

scheduled on January 20, 2006.

34.    In early 2007, Mr. Baublitz was contacted by an agent, servant, and/or employee of Peninsula Regional Medical Center who stated that his January 20, 2006 catheterization and stent placement were neither medically necessary nor indicated.

35.    The agent, servant, and/or employee of Peninsula Regional Medical Center stated that Dr. McLean had misread and misinterpreted Mr. Baublitz's imaging study and his pre-catheterization condition was not sufficiently serious to require cardiac catheterization and/or stent placement.

36.    Contrary to what Dr. McLean had said, Mr. Baublitz had a much smaller blockage in his Left Anterior Descending Artery, a blockage that was not causing any of his symptoms and was too small to require surgical intervention under the accepted standards of care.

37.    Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Baublitz in that they:

a.    failed to properly and appropriately interpret and assess his pre-

catheterization stress tests and diagnostic images before recommending and performing the cardiac catheterization and stent placement procedures;

b.      failed to recommend alternative medical therapy or another non-surgical course of action instead of recommending and performing the cardiac catheterization and stent placement procedures;

c.      failed to promptly recognize that the cardiac catheterization and stent placement procedures were not medically necessary;

d.      performed cardiac catheterization and stent placement procedures that were not medically indicated or necessary; and

e.      failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

38.      As a direct and proximate result of the negligence of the Defendants, Plaintiff, Harry Baublitz, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses

including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his/her/their part contributing thereto.

WHEREFORE, Plaintiff, Harry Baublitz, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

## COUNT 2: NEGLIGENCE
(Harry Baublitz, in his Individual Capacity, against Defendants,
Peninsula Regional Medical Center and Peninsula Regional Health System,
Inc.)

39.    Plaintiff, Harry Baublitz, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

40.    When Mr. Harry Baublitz was admitted to Peninsula Regional for his cardiac catheterization and stent placement procedures on January 20, 2006, he came under the joint care of Dr. McLean and Defendants, Peninsula Regional

Medical Center and Peninsula Regional Health System, Inc.

41.     Dr. McLean's performance of unnecessary and non-indicated cardiac catheterization and stent placement procedures on January 20, 2006 was not an isolated incident. In the months and years before January 20, 2006, Dr. McLean regularly and repeatedly performed unnecessary and non-indicated procedures in the Catheterization Lab at Peninsula Regional.

42.     Given the close working relationship between Dr. McLean and the Defendants' agents, servants, and/or employees, and the ongoing oversight, monitoring, and evaluation of his actions by the Director of the Catheterization Lab and others on his staff, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through their actual and apparent agents, servants, and/or employees, either knew, or with the exercise of reasonable caution, should have known that Dr. McLean was regularly and repeatedly performing unnecessary and non-indicated cardiac catheterization procedures in its Catheterization Lab, and was thus unqualified or incompetent to perform such procedures, prior to and on January 20, 2006.

43.     Despite their duty to protect Harry Baublitz from known or knowable dangers, a duty arising out of their common law obligation to exercise reasonable

care and their assumed duties to oversee, monitor, and evaluate the actions of the cardiologists who used their Catheterization Lab, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through its agents, servants, and/or employees, allowed Dr. McLean to perform unnecessary and non-indicated procedures on Mr. Baublitz and assisted him in the procedures.

44.     Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Baublitz in that they:

a.     allowed Dr. McLean to perform medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Baublitz in its Catheterization Lab on January 20, 2006;

b.     failed to revoke or suspend Dr. McLean's privileges or stop allowing him to use the Catheterization Lab prior to him performing the medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Baublitz on January 20, 2006;

c.     assisted Dr. McLean and participated in the performance unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr.

Baublitz in its Catheterization Lab on January 20, 2006;

d.      failed to determine that Dr. McLean was unqualified or incompetent to perform cardiac catheterizations and stent placements prior to January 20, 2006;

e.      failed to exercise reasonable skill and care in monitoring and supervising Dr. McLean's actions as part of their ongoing privileges and laboratory oversight processes prior to January 20, 2006; and

f.      failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

45.     As a direct and proximate result of the negligence of the Defendants, Plaintiff, Harry Baublitz, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other

economic losses in the future without any negligence on his/her/their part contributing thereto.

46.    Mr. Baublitz was not aware of the information known or knowable to the actual and apparent agents, servants, and/or employees of Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., until after he and other patients of Dr. McLean were contacted by Peninsula Regional in early 2007.

WHEREFORE, Plaintiff, Harry Baublitz, in his individual capacity, hereby claims damages against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 3: NEGLIGENCE (CIVIL CONSPIRACY)
(Harry Baublitz, in his Individual Capacity, against Defendants,
John R. McLean, M.D., John R. McLean, M.D & Associates,
Peninsula Regional Medical Center and Peninsula Regional Health System,
Inc.)

</div>

47.    Plaintiff, Harry Baublitz, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 and 29 through 46 as if fully set forth herein.

48.     Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by agreement or understanding with Dr. McLean, provided him with the medical facilities and assistance needed to perform the unnecessary and non-indicated procedures on Mr. Baublitz, an agreement or understanding that allowed them all to benefit financially from the unnecessary and non-indicated procedures.

49.     As a direct and proximate result of the agreement or understanding between Dr. McLean and Peninsula Regional, Mr. Baublitz was subjected to unnecessary and non-indicated cardiac catheterization and stent placement procedures; endured other unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses

in the future without any negligence on his/her/their part contributing thereto.

WHEREFORE, Plaintiff, Harry Baublitz, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D., John R. McLean, M.D. & Associates, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000 (Seventy Five Dollars), together with all of the costs of this action.

### COUNT 4: NEGLIGENCE (CONSORTIUM)
(Harry and Isabell Baublitz, as Husband and Wife,
against Defendants, John R. McLean, M.D. and
John R. McLean, M.D & Associates)

50.   Plaintiffs, Harry and Isabell Baublitz, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 29 through 38 as if fully set forth herein.

51.   As a direct and proximate result of the negligence of Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Harry and Isabell Baublitz, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the

advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

52.   All of the Baublitz's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Harry and Isabell Baublitz, as Husband and Wife, hereby claim damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<u>COUNT 5: NEGLIGENCE (CONSORTIUM)</u>
(Harry and Isabell Baublitz, as Husband and Wife,
against Defendants, Peninsula Regional Medical Center
and Peninsula Regional Health System, Inc.)

53.   Plaintiffs, Harry and Isabell Baublitz, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 39 through 46 as if fully set forth herein.

54. As a direct and proximate result of the negligence of Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc.,

directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Harry and Isabell Baublitz, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

55.   All of the Baublitz's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Harry and Isabell Baublitz, as Husband and Wife, hereby claim damages against Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

## COUNT 6: NEGLIGENCE
(Joseph Croce, in his Individual Capacity, against John R. McLean, M.D.
and John R. McLean, M.D & Associates)

56.     Plaintiff, Joseph Croce, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

57.     Joseph Croce was admitted to Peninsula Regional Hospital on October 3, 2005 for cardiac catheterization and stent placement procedures.

58.     Prior to his admission, Mr. Croce had seen his cardiologist, Dr. John McLean, and been told that he needed to undergo catheterization and stent placement procedures because of a significant blockage (90%) in his Posterior Descending Artery.

59.     The catheterization and stent placement procedures were performed as scheduled on October 3, 2005.

60.     In 2007, Mr. Croce was contacted by an agent, servant, and/or employee of Peninsula Regional Medical Center who stated that his October 3, 2005 catheterization and stent placement were neither medically necessary nor indicated.

61.     The agent, servant, and/or employee of Peninsula Regional Medical

Center stated that Dr. McLean had misread and misinterpreted Mr. Croce's imaging study and his pre-catheterization condition was not sufficiently serious to require cardiac catheterization and/or stent placement.

62.     Contrary to what Dr. McLean had said, Mr. Croce had a much smaller blockage in his Posterior Descending Artery, a blockage that was too small to require surgical intervention under the accepted standards of care.

63.     Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Croce in that they:

a.      failed to properly and appropriately interpret and assess his pre-catheterization stress tests and diagnostic images before recommending and performing the cardiac catheterization and stent placement procedures;

b.      failed to recommend alternative medical therapy or another non-surgical course of action instead of recommending and performing the cardiac catheterization and stent placement procedures;

c.      failed to promptly recognize that the cardiac catheterization and stent placement procedures were not medically necessary;

d.      performed cardiac catheterization and stent placement procedures that were not medically indicated or necessary; and

e.      failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

64.      As a direct and proximate result of the negligence of the Defendants, Plaintiff, Joseph Croce, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his/her/their part contributing thereto.

WHEREFORE, Plaintiff, Joseph Croce, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D. and John R. McLean,

M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 7: NEGLIGENCE

(Joseph Croce, in his Individual Capacity, against Defendants,
Peninsula Regional Medical Center and Peninsula Regional Health System,
Inc.)

</div>

65.    Plaintiff, Joseph Croce, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

66.    When Mr. Croce was admitted to Peninsula Regional for his cardiac catheterization and stent placement procedures on October 3, 2005, he came under the joint care of Dr. McLean and Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.

67.    Dr. McLean's performance of unnecessary and non-indicated cardiac catheterization and stent placement procedures on October 3, 2005 was not an isolated incident. In the months and years before October 3, 2005, Dr. McLean regularly and repeatedly performed unnecessary and non-indicated procedures in the Catheterization Lab at Peninsula Regional.

68.    Given the close working relationship between Dr. McLean and the

Defendants' agents, servants, and/or employees, and the ongoing oversight, monitoring, and evaluation of his actions by the Director of the Catheterization Lab and others on his staff, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through their actual and apparent agents, servants, and/or employees, either knew, or with the exercise of reasonable caution, should have known that Dr. McLean was regularly and repeatedly performing unnecessary and non-indicated cardiac catheterization procedures in its Catheterization Lab, and was thus unqualified or incompetent to perform such procedures, prior to and on October 3, 2005.

69.    Despite their duty to protect Joseph Croce from known or knowable dangers, a duty arising out of their common law obligation to exercise reasonable care and their assumed duties to oversee, monitor, and evaluate the actions of the cardiologists who used their Catheterization Lab, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through its agents, servants, and/or employees, allowed Dr. McLean to perform unnecessary and non-indicated procedures on Mr. Croce and assisted him in the procedures.

70.    Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent

agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Croce in that they:

a.      allowed Dr. McLean to perform medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Croce in its Catheterization Lab on October 3, 2005;

b.      failed to revoke or suspend Dr. McLean's privileges or stop allowing him to use the Catheterization Lab prior to him performing the medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Croce on October 3, 2005;

c.      assisted Dr. McLean and participated in the performance unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Croce in its Catheterization Lab on October 3, 2005;

d.      failed to determine that Dr. McLean was unqualified or incompetent to perform cardiac catheterizations and stent placements prior to October 3, 2005;

e.      failed to exercise reasonable skill and care in monitoring and supervising Dr. McLean's actions as part of their ongoing privileges and laboratory oversight processes prior to October 3, 2005; and

f.       failed to comply with the applicable standards of care in the

circumstances presented and was otherwise negligent and careless.

71.    As a direct and proximate result of the negligence of the Defendants, Plaintiff, Joseph Croce, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his/her/their part contributing thereto.

72.    Mr. Croce was not aware of the information known or knowable to the actual and apparent agents, servants, and/or employees of Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., until after he and other patients of Dr. McLean were contacted by Peninsula Regional in early 2007.

WHEREFORE, Plaintiff, Joseph Croce, in his individual capacity, hereby claims damages against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<u>COUNT 8: NEGLIGENCE (CIVIL CONSPIRACY)</u>
(Joseph Croce, in his Individual Capacity, against Defendants,
John R. McLean, M.D., John R. McLean, M.D & Associates,
Peninsula Regional Medical Center and Peninsula Regional Health System,
Inc.)

73.     Plaintiff, Joseph Croce, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 and 56 through 72 as if fully set forth herein.

74.     Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by agreement or understanding with Dr. McLean, provided him with the medical facilities and assistance needed to perform the unnecessary and non-indicated procedures on Mr. Croce, an agreement or understanding that allowed them all to benefit financially from the unnecessary and non-indicated procedures.

75.     As a direct and proximate result of the agreement or understanding between Dr. McLean and Peninsula Regional, Mr. Croce was subjected to

unnecessary and non-indicated cardiac catheterization and stent placement procedures; endured other unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his/her/their part contributing thereto.

WHEREFORE, Plaintiff, Joseph Croce, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D., John R. McLean, M.D. & Associates, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $30,000.00 (Thirty Thousand Dollars), together with all of the costs of this action.

COUNT 9: NEGLIGENCE (CONSORTIUM)
(Joseph and Virginia Croce, as Husband and Wife,
against Defendants, John R. McLean, M.D. and
John R. McLean, M.D & Associates)

76.    Plaintiffs, Joseph and Virginia Croce, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 56 through 64 as if fully set forth herein.

77.   As a direct and proximate result of the negligence of Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Joseph and Virginia Croce, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

78.   All of the Croce's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Joseph and Virginia Croce, as Husband and Wife, hereby claim damages against Defendants, John R. McLean, M.D. and John R.

McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 10: NEGLIGENCE (CONSORTIUM)
(Joseph and Virginia Croce, as Husband and Wife,
against Defendants, Peninsula Regional Medical Center
and Peninsula Regional Health System, Inc.)

</div>

79.    Plaintiffs, Joseph and Virginia Croce, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 65 through 72 as if fully set forth herein.

80.  As a direct and proximate result of the negligence of Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Joseph and Virginia Croce, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

81.  All of the Croce's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and

apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Joseph and Virginia Croce, as Husband and Wife, hereby claim damages against Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 11: NEGLIGENCE
(Marie Hill, in her Individual Capacity, against John R. McLean, M.D.
and John R. McLean, M.D & Associates)

</div>

82.    Plaintiff, Marie Hill, in her individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

83.    Marie Hill was admitted to Peninsula Regional Hospital on November 18, 2004 for cardiac catheterization and stent placement procedures.

84.    Prior to her admission, Mrs. Hill had seen her cardiologist, Dr. John McLean, and been told that he needed to undergo catheterization and stent placement procedures because of a significant blockage (80-90%) in her middle Right Coronary Artery.

85.    The catheterization and stent placement procedures were performed as scheduled on November 18, 2004.

86.    In August of 2008, Mrs. Hill was contacted by an agent, servant, and/or employee of Peninsula Regional Medical Center who stated that her November 18, 2004 catheterization and stent placements were neither medically necessary nor indicated.

87.    The agent, servant, and/or employee of Peninsula Regional Medical Center stated that Dr. McLean had misread and misinterpreted Mrs. Hills' imaging study and her pre-catheterization condition was not sufficiently serious to require cardiac catheterization and/or stent placements.

88.    Contrary to what Dr. McLean had said, Mrs. Hill had a much smaller blockage in her middle Right Coronary Artery, a blockage that was too small to require surgical intervention under the accepted standards of care.

89.    Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mrs. Hill in that they:

a.    failed to properly and appropriately interpret and assess her pre-

41

catheterization stress tests and diagnostic images before recommending and performing the cardiac catheterization and stent placement procedures;

b.     failed to recommend alternative medical therapy or another non-surgical course of action instead of recommending and performing the cardiac catheterization and stent placement procedures;

c.     failed to promptly recognize that the cardiac catheterization and stent placement procedures were not medically necessary;

d.     performed cardiac catheterization and stent placement procedures that were not medically indicated or necessary; and

e.     failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

90.     As a direct and proximate result of the negligence of the Defendants, Plaintiff, Marie Hill, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses

including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on her part contributing thereto.

WHEREFORE, Plaintiff, Marie Hill, in her individual capacity, hereby claims damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

COUNT 12: NEGLIGENCE
(Marie Hill, in her Individual Capacity, against
Defendants, Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

91. Plaintiff, Marie Hill, in her individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

92. When Mrs. Hill was admitted to Peninsula Regional for her cardiac catheterization and stent placement procedures on November 18, 2004, he came under the joint care of Dr. McLean and Defendants, Peninsula Regional Medical

Center and Peninsula Regional Health System, Inc.

93.     Dr. McLean's performance of unnecessary and non-indicated cardiac catheterization and stent placement procedures on November 18, 2004 was not an isolated incident. In the months and years before November 18, 2004, Dr. McLean regularly and repeatedly performed unnecessary and non-indicated procedures in the Catheterization Lab at Peninsula Regional.

94.     Given the close working relationship between Dr. McLean and the Defendants' agents, servants, and/or employees, and the ongoing oversight, monitoring, and evaluation of his actions by the Director of the Catheterization Lab and others on his staff, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through their actual and apparent agents, servants, and/or employees, either knew, or with the exercise of reasonable caution, should have known that Dr. McLean was regularly and repeatedly performing unnecessary and non-indicated cardiac catheterization procedures in its Catheterization Lab, and was thus unqualified or incompetent to perform such procedures, prior to and on November 18, 2004.

95.     Despite their duty to protect Mrs. Hill from known or knowable dangers, a duty arising out of their common law obligation to exercise reasonable

care and their assumed duties to oversee, monitor, and evaluate the actions of the cardiologists who used their Catheterization Lab, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through its agents, servants, and/or employees, allowed Dr. McLean to perform unnecessary and non-indicated procedures on Mrs. Hill and assisted him in the procedures.

96.    Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mrs. Hill in that they:

a.    allowed Dr. McLean to perform medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mrs. Hill in its Catheterization Lab on November 18, 2004;

b.    failed to revoke or suspend Dr. McLean's privileges or stop allowing him to use the Catheterization Lab prior to him performing the medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mrs. Hill on November 18, 2004;

c.    assisted Dr. McLean and participated in the performance unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mrs.

Hill in its Catheterization Lab on November 18, 2004;

     d.     failed to determine that Dr. McLean was unqualified or incompetent to perform cardiac catheterizations and stent placements prior to November 18, 2004;

     e.     failed to exercise reasonable skill and care in monitoring and supervising Dr. McLean's actions as part of their ongoing privileges and laboratory oversight processes prior to November 18, 2004; and

     f.     failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

     97.     As a direct and proximate result of the negligence of the Defendants, Plaintiff, Marie Hill, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but

not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on her part contributing thereto.

98.     Mrs. Hill was not aware of the information known or knowable to the actual and apparent agents, servants, and/or employees of Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., until after he and other patients of Dr. McLean were contacted by Peninsula Regional in August of 2008.

WHEREFORE, Plaintiff, Marie Hill, in her individual capacity, hereby claims damages against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 13: NEGLIGENCE (CIVIL CONSPIRACY)
(Marie Hill, in her Individual Capacity, against Defendants,
John R. McLean, M.D., John R. McLean, M.D & Associates,
Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

</div>

99.     Plaintiff, Marie Hill, in her individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 and

82 through 98 as if fully set forth herein.

100.   Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by agreement or understanding with Dr. McLean, provided him with the medical facilities and assistance needed to perform the unnecessary and non-indicated procedures on Mrs. Hill, an agreement or understanding that allowed them all to benefit financially from the unnecessary and non-indicated procedures.

101.   As a direct and proximate result of the agreement or understanding between Dr. McLean and Peninsula Regional, Mrs. Hill was subjected to unnecessary and non-indicated cardiac catheterization and stent placement procedures; endured other unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited

to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on her part contributing thereto.

WHEREFORE, Plaintiff, Mrs. Hill, in her individual capacity, hereby claims damages against Defendants, John R. McLean, M.D., John R. McLean, M.D. & Associates, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

## COUNT 14: NEGLIGENCE (CONSORTIUM)
(Ernest and Marie Hill, as Husband and Wife,
against Defendants, John R. McLean, M.D. and
John R. McLean, M.D & Associates)

102.  Plaintiffs, Ernest and Marie Hill, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 82 through 90 as if fully set forth herein.

103. As a direct and proximate result of the negligence of Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Ernest and Marie Hill, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice,

aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

104. All of the Hills' injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Ernest and Marie Hill, as Husband and Wife, hereby claim damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<u>COUNT 15: NEGLIGENCE (CONSORTIUM)</u>
(Ernest and Marie Hill, as Husband and Wife,
against Defendants, Peninsula Regional Medical Center
and Peninsula Regional Health System, Inc.)

105. Plaintiffs, Ernest and Marie Hill, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 91 through 98 as if fully set forth herein.

106.    As a direct and proximate result of the negligence of Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc.,

directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Ernest and Marie Hill, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

107. All of the Hills' injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Ernest and Marie Hill, as Husband and Wife, hereby claim damages against Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this act.

## COUNT 16: NEGLIGENCE
(Marie Hill, in her Individual Capacity, against John R. McLean, M.D.
and John R. McLean, M.D & Associates)

108.   Plaintiff, Marie Hill, in her individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if

fully set forth herein.

109.   Marie Hill was admitted to Peninsula Regional Hospital on May 18, 2005 for cardiac catheterization and stent placement procedures.

110.   Prior to her admission, Mrs. Hill had seen her cardiologist, Dr. John McLean, and been told that he needed to undergo catheterization and stent placement procedures because of a significant blockage (80-90%) in her middle Left Anterior Descending Coronary Artery.

111.   The catheterization and stent placement procedures were performed as scheduled on May 18, 2005.

112.   In August of 2008, Mrs. Hill was contacted by an agent, servant, and/or employee of Peninsula Regional Medical Center who stated that her May 18, 2005 catheterization and stent placements were neither medically necessary nor indicated.

113.   The agent, servant, and/or employee of Peninsula Regional Medical Center stated that Dr. McLean had misread and misinterpreted Mrs. Hills' imaging study and her pre-catheterization condition was not sufficiently serious to require cardiac catheterization and/or stent placements.

114.   Contrary to what Dr. McLean had said, Mrs. Hill had a much smaller

blockage in her middle Left Anterior Descending Coronary Artery, a blockage that was too small to require surgical intervention under the accepted standards of care.

115.   Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mrs. Hill in that they:

a.   failed to properly and appropriately interpret and assess her pre-catheterization stress tests and diagnostic images before recommending and performing the cardiac catheterization and stent placement procedures;

b.   failed to recommend alternative medical therapy or another non-surgical course of action instead of recommending and performing the cardiac catheterization and stent placement procedures;

c.   failed to promptly recognize that the cardiac catheterization and stent placement procedures were not medically necessary;

d.   performed cardiac catheterization and stent placement procedures that were not medically indicated or necessary; and

e.   failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

116.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Marie Hill, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on her part contributing thereto.

WHEREFORE, Plaintiff, Marie Hill, in her individual capacity, hereby claims damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

## COUNT 17: NEGLIGENCE
(Marie Hill, in her Individual Capacity, against
Defendants, Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

117.   Plaintiff, Marie Hill, in her individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

118.   When Mrs. Hill was admitted to Peninsula Regional for her cardiac catheterization and stent placement procedures on May 18, 2005, he came under the joint care of Dr. McLean and Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.

119.   Dr. McLean's performance of unnecessary and non-indicated cardiac catheterization and stent placement procedures on May 18, 2005 was not an isolated incident. In the months and years before May 18, 2005, Dr. McLean regularly and repeatedly performed unnecessary and non-indicated procedures in the Catheterization Lab at Peninsula Regional.

120.   Given the close working relationship between Dr. McLean and the Defendants' agents, servants, and/or employees, and the ongoing oversight, monitoring, and evaluation of his actions by the Director of the Catheterization Lab and others on his staff, Defendants, Peninsula Regional Medical Center and

Peninsula Regional Health System, Inc., by and through their actual and apparent agents, servants, and/or employees, either knew, or with the exercise of reasonable caution, should have known that Dr. McLean was regularly and repeatedly performing unnecessary and non-indicated cardiac catheterization procedures in its Catheterization Lab, and was thus unqualified or incompetent to perform such procedures, prior to and on May 18, 2005.

121.   Despite their duty to protect Mrs. Hill from known or knowable dangers, a duty arising out of their common law obligation to exercise reasonable care and their assumed duties to oversee, monitor, and evaluate the actions of the cardiologists who used their Catheterization Lab, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through its agents, servants, and/or employees, allowed Dr. McLean to perform unnecessary and non-indicated procedures on Mrs. Hill and assisted him in the procedures.

122.   Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mrs. Hill in that they:

a.      allowed Dr. McLean to perform medically unnecessary and non-

indicated cardiac catheterization and stent placement procedures on Mrs. Hill in its Catheterization Lab on May 18, 2005;

b.      failed to revoke or suspend Dr. McLean's privileges or stop allowing him to use the Catheterization Lab prior to him performing the medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mrs. Hill on May 18, 2005;

c.      assisted Dr. McLean and participated in the performance unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mrs. Hill in its Catheterization Lab on May 18, 2005;

d.      failed to determine that Dr. McLean was unqualified or incompetent to perform cardiac catheterizations and stent placements prior to May 18, 2005;

e.      failed to exercise reasonable skill and care in monitoring and supervising Dr. McLean's actions as part of their ongoing privileges and laboratory oversight processes prior to May 18, 2005; and

f.       failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

123.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Marie Hill, endured unnecessary, significant, traumatic, and painful

medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on her part contributing thereto.

124.    Mrs. Hill was not aware of the information known or knowable to the actual and apparent agents, servants, and/or employees of Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., until after he and other patients of Dr. McLean were contacted by Peninsula Regional in August of 2008.

WHEREFORE, Plaintiff, Marie Hill, in her individual capacity, hereby claims damages against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., jointly and severally, in an amount in

excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

### COUNT 18: NEGLIGENCE (CIVIL CONSPIRACY)
(Marie Hill, in her Individual Capacity, against Defendants,
John R. McLean, M.D., John R. McLean, M.D & Associates,
Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

125.   Plaintiff, Marie Hill, in her individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 and 108 through 124 as if fully set forth herein.

126. Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by agreement or understanding with Dr. McLean, provided him with the medical facilities and assistance needed to perform the unnecessary and non-indicated procedures on Mrs. Hill, an agreement or understanding that allowed them all to benefit financially from the unnecessary and non-indicated procedures.

127.   As a direct and proximate result of the agreement or understanding between Dr. McLean and Peninsula Regional, Mrs. Hill was subjected to unnecessary and non-indicated cardiac catheterization and stent placement procedures; endured other unnecessary, significant, traumatic, and painful medical

procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on her part contributing thereto.

WHEREFORE, Plaintiff, Mrs. Hill, in her individual capacity, hereby claims damages against Defendants, John R. McLean, M.D., John R. McLean, M.D. & Associates, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<u>COUNT 19: NEGLIGENCE (CONSORTIUM)</u>
(Ernest and Marie Hill, as Husband and Wife,
against Defendants, John R. McLean, M.D. and
John R. McLean, M.D & Associates)

128. Plaintiffs, Ernest and Marie Hill, as Husband and Wife, hereby

reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 108 through 116 as if fully set forth herein.

129. As a direct and proximate result of the negligence of Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Ernest and Marie Hill, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

130. All of the Hills' injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Ernest and Marie Hill, as Husband and Wife, hereby claim damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

## COUNT 20: NEGLIGENCE (CONSORTIUM)
(Ernest and Marie Hill, as Husband and Wife,
against Defendants, Peninsula Regional Medical Center
and Peninsula Regional Health System, Inc.)

131.  Plaintiffs, Ernest and Marie Hill, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 117 through 124 as if fully set forth herein.

132. As a direct and proximate result of the negligence of Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Ernest and Marie Hill, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

133. All of the Hills' injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Ernest and Marie Hill, as Husband and Wife, hereby claim damages against Defendants, Peninsula Regional Medical Center,

and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this act.

<div align="center">

COUNT 21: NEGLIGENCE
(Marie Hill, in her Individual Capacity, against John R. McLean, M.D.
and John R. McLean, M.D & Associates)

</div>

134.   Plaintiff, Marie Hill, in her individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

135.   Marie Hill was admitted to Peninsula Regional Hospital on June 12, 2006 for cardiac catheterization and stent placement procedures.

136.   Prior to her admission, Mrs. Hill had seen her cardiologist, Dr. John McLean, and been told that he needed to undergo catheterization and stent placement procedures because of a significant blockage (70-80%) in her middle Left Anterior Descending Coronary Artery.

137.   The catheterization and stent placement procedures were performed as scheduled on June 12, 2006.

138.   In August of 2008, Mrs. Hill was contacted by an agent, servant, and/or employee of Peninsula Regional Medical Center who stated that her June

12, 2006 catheterization and stent placements were neither medically necessary nor indicated.

139.   The agent, servant, and/or employee of Peninsula Regional Medical Center stated that Dr. McLean had misread and misinterpreted Mrs. Hills' imaging study and her pre-catheterization condition was not sufficiently serious to require cardiac catheterization and/or stent placements.

140.   Contrary to what Dr. McLean had said, Mrs. Hill had a much smaller blockage in her middle Left Anterior Descending Coronary Artery, a blockage that was too small to require surgical intervention under the accepted standards of care.

141.   Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mrs. Hill in that they:

a.   failed to properly and appropriately interpret and assess her pre-catheterization stress tests and diagnostic images before recommending and performing the cardiac catheterization and stent placement procedures;

b.   failed to recommend alternative medical therapy or another non-surgical course of action instead of recommending and performing the cardiac

catheterization and stent placement procedures;

c.      failed to promptly recognize that the cardiac catheterization and stent placement procedures were not medically necessary;

d.      performed cardiac catheterization and stent placement procedures that were not medically indicated or necessary; and

e.      failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

142.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Marie Hill, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on her part contributing

thereto.

WHEREFORE, Plaintiff, Marie Hill, in her individual capacity, hereby claims damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 22: NEGLIGENCE
(Marie Hill, in her Individual Capacity, against
Defendants, Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

</div>

143.   Plaintiff, Marie Hill, in her individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

144.   When Mrs. Hill was admitted to Peninsula Regional for her cardiac catheterization and stent placement procedures on June 12, 2006, he came under the joint care of Dr. McLean and Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.

145.   Dr. McLean's performance of unnecessary and non-indicated cardiac catheterization and stent placement procedures on June 12, 2006 was not an isolated incident. In the months and years before June 12, 2006, Dr. McLean

regularly and repeatedly performed unnecessary and non-indicated procedures in the Catheterization Lab at Peninsula Regional.

146.   Given the close working relationship between Dr. McLean and the Defendants' agents, servants, and/or employees, and the ongoing oversight, monitoring, and evaluation of his actions by the Director of the Catheterization Lab and others on his staff, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through their actual and apparent agents, servants, and/or employees, either knew, or with the exercise of reasonable caution, should have known that Dr. McLean was regularly and repeatedly performing unnecessary and non-indicated cardiac catheterization procedures in its Catheterization Lab, and was thus unqualified or incompetent to perform such procedures, prior to and on June 12, 2006.

147.   Despite their duty to protect Mrs. Hill from known or knowable dangers, a duty arising out of their common law obligation to exercise reasonable care and their assumed duties to oversee, monitor, and evaluate the actions of the cardiologists who used their Catheterization Lab, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through its agents, servants, and/or employees, allowed Dr. McLean to perform unnecessary

and non-indicated procedures on Mrs. Hill and assisted him in the procedures.

148.    Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mrs. Hill in that they:

a.     allowed Dr. McLean to perform medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mrs. Hill in its Catheterization Lab on June 12, 2006;

b.     failed to revoke or suspend Dr. McLean's privileges or stop allowing him to use the Catheterization Lab prior to him performing the medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mrs. Hill on June 12, 2006;

c.     assisted Dr. McLean and participated in the performance unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mrs. Hill in its Catheterization Lab on June 12, 2006;

d.     failed to determine that Dr. McLean was unqualified or incompetent to perform cardiac catheterizations and stent placements prior to June 12, 2006;

e.     failed to exercise reasonable skill and care in monitoring and

supervising Dr. McLean's actions as part of their ongoing privileges and laboratory oversight processes prior to June 12, 2006; and

      f.     failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

      149.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Marie Hill, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on her part contributing thereto.

      150.   Mrs. Hill was not aware of the information known or knowable to the actual and apparent agents, servants, and/or employees of Defendants, Peninsula

Regional Medical Center and Peninsula Regional Health System, Inc., until after he and other patients of Dr. McLean were contacted by Peninsula Regional in August of 2008.

WHEREFORE, Plaintiff, Marie Hill, in her individual capacity, hereby claims damages against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 23: NEGLIGENCE (CIVIL CONSPIRACY)
(Marie Hill, in her Individual Capacity, against Defendants,
John R. McLean, M.D., John R. McLean, M.D & Associates,
Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

</div>

151.   Plaintiff, Marie Hill, in her individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 and 134 through 150 as if fully set forth herein.

152.  Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by agreement or understanding with Dr. McLean, provided him with the medical facilities and assistance needed to perform the unnecessary and non-indicated procedures on Mrs. Hill, an agreement or

understanding that allowed them all to benefit financially from the unnecessary and non-indicated procedures.

153.   As a direct and proximate result of the agreement or understanding between Dr. McLean and Peninsula Regional, Mrs. Hill was subjected to unnecessary and non-indicated cardiac catheterization and stent placement procedures; endured other unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on her part contributing thereto.

WHEREFORE, Plaintiff, Mrs. Hill, in her individual capacity, hereby claims damages against Defendants, John R. McLean, M.D., John R. McLean, M.D. & Associates, Peninsula Regional Medical Center, and Peninsula Regional Health

System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 24: NEGLIGENCE (CONSORTIUM)
(Ernest and Marie Hill, as Husband and Wife,
against Defendants, John R. McLean, M.D. and
John R. McLean, M.D & Associates)

</div>

154.  Plaintiffs, Ernest and Marie Hill, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 134 through 142 as if fully set forth herein.

155.    As a direct and proximate result of the negligence of Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Ernest and Marie Hill, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

156.    All of the Hills' injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and

apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Ernest and Marie Hill, as Husband and Wife, hereby claim damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

### COUNT 25: NEGLIGENCE (CONSORTIUM)
(Ernest and Marie Hill, as Husband and Wife,
against Defendants, Peninsula Regional Medical Center
and Peninsula Regional Health System, Inc.)

157. Plaintiffs, Ernest and Marie Hill, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 143 through 150 as if fully set forth herein.

158. As a direct and proximate result of the negligence of Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Ernest and Marie Hill, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been

deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

159. All of the Hills' injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Ernest and Marie Hill, as Husband and Wife, hereby claim damages against Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this act.

## COUNT 26: NEGLIGENCE
(Robert Horton, in his Individual Capacity, against John R. McLean, M.D. and John R. McLean, M.D & Associates)

160. Plaintiff, Robert Horton, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

161. Robert Horton was admitted to Peninsula Regional Hospital on March 1, 2006 for cardiac catheterization and stent placement procedures.

162.   Prior to his admission, Mr. Horton had seen his cardiologist, Dr. John McLean, and been told that he needed to undergo catheterization and stent placement procedures because of a significant blockage (95%) in his middle of the Left Anterior Descending Coronary Artery.

163.   The catheterization and stent placement procedures were performed as scheduled on March 1, 2006.

164.   In early 2008, Mr. Horton was contacted by an agent, servant, and/or employee of Peninsula Regional Medical Center who stated that his March 1, 2006 catheterization and stent placement were neither medically necessary nor indicated.

165.   The agent, servant, and/or employee of Peninsula Regional Medical Center stated that Dr. McLean had misread and misinterpreted Mr. Horton's imaging study and his pre-catheterization condition was not sufficiently serious to require cardiac catheterization and/or stent placement.

166.   Contrary to what Dr. McLean had said, Mr. Horton had a much smaller blockage in his middle of the Left Anterior Descending Coronary Artery, a blockage that was too small to require surgical intervention under the accepted standards of care.

167.   Defendants, John R. McLean, M.D. and John R. McLean, M.D. &

Associates, directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Horton in that they:

a.      failed to properly and appropriately interpret and assess his pre-catheterization stress tests and diagnostic images before recommending and performing the cardiac catheterization and stent placement procedures;

b.      failed to recommend alternative medical therapy or another non-surgical course of action instead of recommending and performing the cardiac catheterization and stent placement procedures;

c.      failed to promptly recognize that the cardiac catheterization and stent placement procedures were not medically necessary;

d.      performed cardiac catheterization and stent placement procedures that were not medically indicated or necessary; and

e.      failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

168.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Robert Horton, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo

additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

WHEREFORE, Plaintiff, Robert Horton, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

### COUNT 27: NEGLIGENCE
(Robert Horton, in his Individual Capacity, against
Defendants, Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

169.  Plaintiff, Robert Horton, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28

as if fully set forth herein.

170.   When Mr. Horton was admitted to Peninsula Regional for his cardiac catheterization and stent placement procedures on March 1, 2006, he came under the joint care of Dr. McLean and Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.

171.   Dr. McLean's performance of unnecessary and non-indicated cardiac catheterization and stent placement procedures on March 1, 2006 was not an isolated incident. In the months and years before March 1, 2006, Dr. McLean regularly and repeatedly performed unnecessary and non-indicated procedures in the Catheterization Lab at Peninsula Regional.

172.   Given the close working relationship between Dr. McLean and the Defendants' agents, servants, and/or employees, and the ongoing oversight, monitoring, and evaluation of his actions by the Director of the Catheterization Lab and others on his staff, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through their actual and apparent agents, servants, and/or employees, either knew, or with the exercise of reasonable caution, should have known that Dr. McLean was regularly and repeatedly performing unnecessary and non-indicated cardiac catheterization procedures in its

Catheterization Lab, and was thus unqualified or incompetent to perform such procedures, prior to and on March 1, 2006.

173.   Despite their duty to protect Mr. Horton from known or knowable dangers, a duty arising out of their common law obligation to exercise reasonable care and their assumed duties to oversee, monitor, and evaluate the actions of the cardiologists who used their Catheterization Lab, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through its agents, servants, and/or employees, allowed Dr. McLean to perform unnecessary and non-indicated procedures on Mr. Horton and assisted him in the procedures.

174.  Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Horton in that they:

a.      allowed Dr. McLean to perform medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Horton in its Catheterization Lab on March 1, 2006;

b.      failed to revoke or suspend Dr. McLean's privileges or stop allowing him to use the Catheterization Lab prior to him performing the medically

unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Horton on March 1, 2006;

c.      assisted Dr. McLean and participated in the performance unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Horton in its Catheterization Lab on March 1, 2006;

d.      failed to determine that Dr. McLean was unqualified or incompetent to perform cardiac catheterizations and stent placements prior to March 1, 2006;

e.      failed to exercise reasonable skill and care in monitoring and supervising Dr. McLean's actions as part of their ongoing privileges and laboratory oversight processes prior to March 1, 2006; and

f.      failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

175.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Robert Horton, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional

injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

176.    Mr. Horton was not aware of the information known or knowable to the actual and apparent agents, servants, and/or employees of Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., until after he and other patients of Dr. McLean were contacted by Peninsula Regional in early 2008.

WHEREFORE, Plaintiff, Robert Horton, in his individual capacity, hereby claims damages against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

COUNT 28: NEGLIGENCE (CIVIL CONSPIRACY)
(Robert Horton, in his Individual Capacity, against Defendants,
John R. McLean, M.D., John R. McLean, M.D & Associates,
Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

177.   Plaintiff, Robert Horton, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 and 160 through 176 as if fully set forth herein.

178.   Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by agreement or understanding with Dr. McLean, provided him with the medical facilities and assistance needed to perform the unnecessary and non-indicated procedures on Mr. Horton, an agreement or understanding that allowed them all to benefit financially from the unnecessary and non-indicated procedures.

179.   As a direct and proximate result of the agreement or understanding between Dr. McLean and Peninsula Regional, Mr. Horton was subjected to unnecessary and non-indicated cardiac catheterization and stent placement procedures; endured other unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the

82

future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

WHEREFORE, Plaintiff, Mr. Horton, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D., John R. McLean, M.D. & Associates, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 29: NEGLIGENCE (CONSORTIUM)
(Robert and Cindy Horton, as Husband and Wife,
against Defendants, John R. McLean, M.D. and
John R. McLean, M.D & Associates)

</div>

180.   Plaintiffs, Robert and Cindy Horton, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 160 through 168 as if fully set forth herein.

<div align="center">83</div>

181. As a direct and proximate result of the negligence of Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Robert and Cindy Horton, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

182. All of the Horton's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Robert and Cindy Horton, as Husband and Wife, hereby claim damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

COUNT 30: NEGLIGENCE (CONSORTIUM)
(Robert and Cindy Horton, as Husband and Wife,
against Defendants, Peninsula Regional Medical Center
and Peninsula Regional Health System, Inc.)

183.   Plaintiffs, Robert and Cindy Horton, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 169 through 176 as if fully set forth herein.

184. As a direct and proximate result of the negligence of Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Robert and Cindy Horton, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

185. All of the Horton's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Robert and Cindy Horton, as Husband and Wife, hereby claim damages against Defendants, Peninsula Regional Medical Center,

85

and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this act.

<div align="center">COUNT 31: NEGLIGENCE</div>
<div align="center">(Robert Horton, in his Individual Capacity, against John R. McLean, M.D.<br>and John R. McLean, M.D & Associates)</div>

186.   Plaintiff, Robert Horton, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

187.   Robert Horton was admitted to Peninsula Regional Hospital on April 5, 2006 for cardiac catheterization and stent placement procedures.

188.   Prior to his admission, Mr. Horton had seen his cardiologist, Dr. John McLean, and been told that he needed to undergo catheterization and stent placement procedures because of a significant blockage (80-90%) in his middle of the Left Anterior Descending Coronary Artery.

189.   The catheterization and stent placement procedures were performed as scheduled on April 5, 2006.

190.   In early 2008, Mr. Horton was contacted by an agent, servant, and/or employee of Peninsula Regional Medical Center who stated that his April 5, 2006

catheterization and stent placement were neither medically necessary nor indicated.

191. The agent, servant, and/or employee of Peninsula Regional Medical Center stated that Dr. McLean had misread and misinterpreted Mr. Horton's imaging study and his pre-catheterization condition was not sufficiently serious to require cardiac catheterization and/or stent placement.

192. Contrary to what Dr. McLean had said, Mr. Horton had a much smaller blockage in his middle of the Left Anterior Descending Coronary Artery, a blockage that was too small to require surgical intervention under the accepted standards of care.

193. Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Horton in that they:

a.      failed to properly and appropriately interpret and assess his pre-catheterization stress tests and diagnostic images before recommending and performing the cardiac catheterization and stent placement procedures;

b.      failed to recommend alternative medical therapy or another non-surgical course of action instead of recommending and performing the cardiac

catheterization and stent placement procedures;

c.      failed to promptly recognize that the cardiac catheterization and stent placement procedures were not medically necessary;

d.      performed cardiac catheterization and stent placement procedures that were not medically indicated or necessary; and

e.      failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

194.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Robert Horton, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing

thereto.

WHEREFORE, Plaintiff, Robert Horton, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 32: NEGLIGENCE
(Robert Horton, in his Individual Capacity, against
Defendants, Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

</div>

195.   Plaintiff, Robert Horton, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

196.   When Mr. Horton was admitted to Peninsula Regional for his cardiac catheterization and stent placement procedures on April 5, 2006, he came under the joint care of Dr. McLean and Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.

197.   Dr. McLean's performance of unnecessary and non-indicated cardiac catheterization and stent placement procedures on April 5, 2006 was not an isolated incident. In the months and years before April 5, 2006, Dr. McLean

regularly and repeatedly performed unnecessary and non-indicated procedures in the Catheterization Lab at Peninsula Regional.

198.   Given the close working relationship between Dr. McLean and the Defendants' agents, servants, and/or employees, and the ongoing oversight, monitoring, and evaluation of his actions by the Director of the Catheterization Lab and others on his staff, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through their actual and apparent agents, servants, and/or employees, either knew, or with the exercise of reasonable caution, should have known that Dr. McLean was regularly and repeatedly performing unnecessary and non-indicated cardiac catheterization procedures in its Catheterization Lab, and was thus unqualified or incompetent to perform such procedures, prior to and on April 5, 2006.

199.   Despite their duty to protect Mr. Horton from known or knowable dangers, a duty arising out of their common law obligation to exercise reasonable care and their assumed duties to oversee, monitor, and evaluate the actions of the cardiologists who used their Catheterization Lab, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through its agents, servants, and/or employees, allowed Dr. McLean to perform unnecessary

and non-indicated procedures on Mr. Horton and assisted him in the procedures.

200.    Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Horton in that they:

a.      allowed Dr. McLean to perform medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Horton in its Catheterization Lab on April 5, 2006;

b.      failed to revoke or suspend Dr. McLean's privileges or stop allowing him to use the Catheterization Lab prior to him performing the medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Horton on April 5, 2006;

c.      assisted Dr. McLean and participated in the performance unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Horton in its Catheterization Lab on April 5, 2006;

d.      failed to determine that Dr. McLean was unqualified or incompetent to perform cardiac catheterizations and stent placements prior to April 5, 2006;

e.      failed to exercise reasonable skill and care in monitoring and

supervising Dr. McLean's actions as part of their ongoing privileges and laboratory oversight processes prior to April 5, 2006; and

f.     failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

201.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Robert Horton, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

202.   Mr. Horton was not aware of the information known or knowable to the actual and apparent agents, servants, and/or employees of Defendants,

Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., until after he and other patients of Dr. McLean were contacted by Peninsula Regional in early 2008.

WHEREFORE, Plaintiff, Robert Horton, in his individual capacity, hereby claims damages against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

### COUNT 33: NEGLIGENCE (CIVIL CONSPIRACY)
(Robert Horton, in his Individual Capacity, against Defendants,
John R. McLean, M.D., John R. McLean, M.D & Associates,
Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

203.  Plaintiff, Robert Horton, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 and 186 through 202 as if fully set forth herein.

204. Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by agreement or understanding with Dr. McLean, provided him with the medical facilities and assistance needed to perform the unnecessary and non-indicated procedures on Mr. Horton, an agreement or

understanding that allowed them all to benefit financially from the unnecessary and non-indicated procedures.

205.   As a direct and proximate result of the agreement or understanding between Dr. McLean and Peninsula Regional, Mr. Horton was subjected to unnecessary and non-indicated cardiac catheterization and stent placement procedures; endured other unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

WHEREFORE, Plaintiff, Mr. Horton, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D., John R. McLean, M.D. & Associates, Peninsula Regional Medical Center, and Peninsula Regional

Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 34: NEGLIGENCE (CONSORTIUM)
(Robert and Cindy Horton, as Husband and Wife,
against Defendants, John R. McLean, M.D. and
John R. McLean, M.D & Associates)

</div>

206.   Plaintiffs, Robert and Cindy Horton, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 186 through 194 as if fully set forth herein.

207. As a direct and proximate result of the negligence of Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Robert and Cindy Horton, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

208. All of the Horton's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and

apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Robert and Cindy Horton, as Husband and Wife, hereby claim damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 35: NEGLIGENCE (CONSORTIUM)
(Robert and Cindy Horton, as Husband and Wife,
against Defendants, Peninsula Regional Medical Center
and Peninsula Regional Health System, Inc.)

</div>

209.   Plaintiffs, Robert and Cindy Horton, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 195 through 202 as if fully set forth herein.

210. As a direct and proximate result of the negligence of Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Robert and Cindy Horton, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been

deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

211. All of the Horton's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Robert and Cindy Horton, as Husband and Wife, hereby claim damages against Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this act.

## COUNT 36: NEGLIGENCE
(Robert Horton, in his Individual Capacity, against John R. McLean, M.D.
and John R. McLean, M.D & Associates)

212.   Plaintiff, Robert Horton, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

213.   Robert Horton was admitted to Peninsula Regional Hospital on May 3, 2006 for cardiac catheterization and stent placement procedures.

214.   Prior to his admission, Mr. Horton had seen his cardiologist, Dr. John McLean, and been told that he needed to undergo catheterization and stent placement procedures because of a significant blockage (90-95%) in the distal portion of the circumflex of the Coronary Artery.

215.   The catheterization and stent placement procedures were performed as scheduled on May 3, 2006.

216.   In early 2008, Mr. Horton was contacted by an agent, servant, and/or employee of Peninsula Regional Medical Center who stated that his May 3, 2006 catheterization and stent placement were neither medically necessary nor indicated.

217.   The agent, servant, and/or employee of Peninsula Regional Medical Center stated that Dr. McLean had misread and misinterpreted Mr. Horton's imaging study and his pre-catheterization condition was not sufficiently serious to require cardiac catheterization and/or stent placement.

218.   Contrary to what Dr. McLean had said, Mr. Horton had a much smaller blockage in the distal portion of the circumflex of the Coronary Artery, a blockage that was too small to require surgical intervention under the accepted standards of care.

219.   Defendants, John R. McLean, M.D. and John R. McLean, M.D. &

Associates, directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Horton in that they:

a.      failed to properly and appropriately interpret and assess his pre-catheterization stress tests and diagnostic images before recommending and performing the cardiac catheterization and stent placement procedures;

b.      failed to recommend alternative medical therapy or another non-surgical course of action instead of recommending and performing the cardiac catheterization and stent placement procedures;

c.      failed to promptly recognize that the cardiac catheterization and stent placement procedures were not medically necessary;

d.      performed cardiac catheterization and stent placement procedures that were not medically indicated or necessary; and

e.      failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

220.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Robert Horton, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo

additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

WHEREFORE, Plaintiff, Robert Horton, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<u>COUNT 37: NEGLIGENCE</u>
(Robert Horton, in his Individual Capacity, against
Defendants, Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

221.  Plaintiff, Robert Horton, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28

as if fully set forth herein.

222.   When Mr. Horton was admitted to Peninsula Regional for his cardiac catheterization and stent placement procedures on May 3, 2006, he came under the joint care of Dr. McLean and Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.

223.   Dr. McLean's performance of unnecessary and non-indicated cardiac catheterization and stent placement procedures on May 3, 2006 was not an isolated incident. In the months and years before May 3, 2006, Dr. McLean regularly and repeatedly performed unnecessary and non-indicated procedures in the Catheterization Lab at Peninsula Regional.

224.   Given the close working relationship between Dr. McLean and the Defendants' agents, servants, and/or employees, and the ongoing oversight, monitoring, and evaluation of his actions by the Director of the Catheterization Lab and others on his staff, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through their actual and apparent agents, servants, and/or employees, either knew, or with the exercise of reasonable caution, should have known that Dr. McLean was regularly and repeatedly performing unnecessary and non-indicated cardiac catheterization procedures in its

Catheterization Lab, and was thus unqualified or incompetent to perform such procedures, prior to and on May 3, 2006.

225.   Despite their duty to protect Mr. Horton from known or knowable dangers, a duty arising out of their common law obligation to exercise reasonable care and their assumed duties to oversee, monitor, and evaluate the actions of the cardiologists who used their Catheterization Lab, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through its agents, servants, and/or employees, allowed Dr. McLean to perform unnecessary and non-indicated procedures on Mr. Horton and assisted him in the procedures.

226. Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Horton in that they:

a.     allowed Dr. McLean to perform medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Horton in its Catheterization Lab on May 3, 2006;

b.     failed to revoke or suspend Dr. McLean's privileges or stop allowing him to use the Catheterization Lab prior to him performing the medically

unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Horton on May 3, 2006;

    c.    assisted Dr. McLean and participated in the performance unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Horton in its Catheterization Lab on May 3, 2006;

    d.    failed to determine that Dr. McLean was unqualified or incompetent to perform cardiac catheterizations and stent placements prior to May 3, 2006;

    e.    failed to exercise reasonable skill and care in monitoring and supervising Dr. McLean's actions as part of their ongoing privileges and laboratory oversight processes prior to May 3, 2006; and

    f.    failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

227.  As a direct and proximate result of the negligence of the Defendants, Plaintiff, Robert Horton, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional

injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

228.   Mr. Horton was not aware of the information known or knowable to the actual and apparent agents, servants, and/or employees of Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., until after he and other patients of Dr. McLean were contacted by Peninsula Regional in early 2008.

WHEREFORE, Plaintiff, Robert Horton, in his individual capacity, hereby claims damages against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

COUNT 38: NEGLIGENCE (CIVIL CONSPIRACY)
(Robert Horton, in his Individual Capacity, against Defendants,
John R. McLean, M.D., John R. McLean, M.D & Associates,
Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

229.  Plaintiff, Robert Horton, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 and 212 through 228 as if fully set forth herein.

230.  Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by agreement or understanding with Dr. McLean, provided him with the medical facilities and assistance needed to perform the unnecessary and non-indicated procedures on Mr. Horton, an agreement or understanding that allowed them all to benefit financially from the unnecessary and non-indicated procedures.

231.  As a direct and proximate result of the agreement or understanding between Dr. McLean and Peninsula Regional, Mr. Horton was subjected to unnecessary and non-indicated cardiac catheterization and stent placement procedures; endured other unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the

future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

WHEREFORE, Plaintiff, Mr. Horton, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D., John R. McLean, M.D. & Associates, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 39: NEGLIGENCE (CONSORTIUM)
(Robert and Cindy Horton, as Husband and Wife,
against Defendants, John R. McLean, M.D. and
John R. McLean, M.D & Associates)

</div>

232.   Plaintiffs, Robert and Cindy Horton, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 212 through 220 as if fully set forth herein.

<div align="center">106</div>

233. As a direct and proximate result of the negligence of Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Robert and Cindy Horton, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

234. All of the Horton's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Robert and Cindy Horton, as Husband and Wife, hereby claim damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

COUNT 40: NEGLIGENCE (CONSORTIUM)
(Robert and Cindy Horton, as Husband and Wife,
against Defendants, Peninsula Regional Medical Center
and Peninsula Regional Health System, Inc.)

235.  Plaintiffs, Robert and Cindy Horton, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 221 through 228 as if fully set forth herein.

236. As a direct and proximate result of the negligence of Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Robert and Cindy Horton, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

237. All of the Horton's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Robert and Cindy Horton, as Husband and Wife, hereby claim damages against Defendants, Peninsula Regional Medical Center,

and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this act.

<div align="center">COUNT 41: NEGLIGENCE</div>
<div align="center">(Frank Merrill, in his Individual Capacity, against John R. McLean, M.D.<br>and John R. McLean, M.D & Associates)</div>

238.   Plaintiff, Frank Merrill, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

239.   Frank Merrill was admitted to Peninsula Regional Hospital on September 9, 2005 for cardiac catheterization and stent placement procedures.

240.   Prior to his admission, Mr. Merrill had seen his cardiologist, Dr. John McLean, and been told that he needed to undergo catheterization and stent placement procedures because of a significant blockage (90%) in his Right Coronary Artery.

241.   The catheterization and stent placement procedures were performed as scheduled on September 9, 2005.

242.   In 2007, Mr. Merrill was contacted by an agent, servant, and/or employee of Peninsula Regional Medical Center who stated that his September 9,

2005 catheterization and stent placement were neither medically necessary nor indicated.

243.   The agent, servant, and/or employee of Peninsula Regional Medical Center stated that Dr. McLean had misread and misinterpreted Mr. Merrill's imaging study and his pre-catheterization condition was not sufficiently serious to require cardiac catheterization and/or stent placement.

244.   Contrary to what Dr. McLean had said, Mr. Merrill had a much smaller blockage in his Right Coronary Artery, a blockage that was too small to require surgical intervention under the accepted standards of care.

245.   Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Merrill in that they:

a.     failed to properly and appropriately interpret and assess his pre-catheterization stress tests and diagnostic images before recommending and performing the cardiac catheterization and stent placement procedures;

b.     failed to recommend alternative medical therapy or another non-surgical course of action instead of recommending and performing the cardiac

catheterization and stent placement procedures;

c.      failed to promptly recognize that the cardiac catheterization and stent placement procedures were not medically necessary;

d.      performed cardiac catheterization and stent placement procedures that were not medically indicated or necessary; and

e.      failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

246.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Frank Merrill, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his/her/their part

contributing thereto.

WHEREFORE, Plaintiff, Frank Merrill, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 42: NEGLIGENCE
(Frank Merrill, in his Individual Capacity, against Defendants,
Peninsula Regional Medical Center and Peninsula Regional Health System,
Inc.)

</div>

247.   Plaintiff, Frank Merrill, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

248.   When Mr. Merrill was admitted to Peninsula Regional for his cardiac catheterization and stent placement procedures on September 9, 2005, he came under the joint care of Dr. McLean and Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.

249.   Dr. McLean's performance of unnecessary and non-indicated cardiac catheterization and stent placement procedures on September 9, 2005 was not an isolated incident. In the months and years before September 9, 2005, Dr. McLean

regularly and repeatedly performed unnecessary and non-indicated procedures in the Catheterization Lab at Peninsula Regional.

250.   Given the close working relationship between Dr. McLean and the Defendants' agents, servants, and/or employees, and the ongoing oversight, monitoring, and evaluation of his actions by the Director of the Catheterization Lab and others on his staff, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through their actual and apparent agents, servants, and/or employees, either knew, or with the exercise of reasonable caution, should have known that Dr. McLean was regularly and repeatedly performing unnecessary and non-indicated cardiac catheterization procedures in its Catheterization Lab, and was thus unqualified or incompetent to perform such procedures, prior to and on September 9, 2005.

251.   Despite their duty to protect Frank Merrill from known or knowable dangers, a duty arising out of their common law obligation to exercise reasonable care and their assumed duties to oversee, monitor, and evaluate the actions of the cardiologists who used their Catheterization Lab, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through its agents, servants, and/or employees, allowed Dr. McLean to perform unnecessary

and non-indicated procedures on Mr. Merrill and assisted him in the procedures.

252.   Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Merrill in that they:

a.   allowed Dr. McLean to perform medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Merrill in its Catheterization Lab on September 9, 2005;

b.   failed to revoke or suspend Dr. McLean's privileges or stop allowing him to use the Catheterization Lab prior to him performing the medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Merrill on September 9, 2005;

c.   assisted Dr. McLean and participated in the performance unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Merrill in its Catheterization Lab on September 9, 2005;

d.   failed to determine that Dr. McLean was unqualified or incompetent to perform cardiac catheterizations and stent placements prior to September 9, 2005;

e.      failed to exercise reasonable skill and care in monitoring and supervising Dr. McLean's actions as part of their ongoing privileges and laboratory oversight processes prior to September 9, 2005; and

f.      failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

253.    As a direct and proximate result of the negligence of the Defendants, Plaintiff, Frank Merrill, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his/her/their part contributing thereto.

254.    Mr. Merrill was not aware of the information known or knowable to

the actual and apparent agents, servants, and/or employees of Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., until after he and other patients of Dr. McLean were contacted by Peninsula Regional in early 2007.

WHEREFORE, Plaintiff, Frank Merrill, in his individual capacity, hereby claims damages against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 43: NEGLIGENCE (CIVIL CONSPIRACY)
(Frank Merrill, in his Individual Capacity, against Defendants,
John R. McLean, M.D., John R. McLean, M.D & Associates,
Peninsula Regional Medical Center and Peninsula Regional Health System,
Inc.)

</div>

255.   Plaintiff, Frank Merrill, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 and 238 through 254 as if fully set forth herein.

256.   Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by agreement or understanding with Dr. McLean, provided him with the medical facilities and assistance needed to perform the

unnecessary and non-indicated procedures on Mr. Merrill, an agreement or understanding that allowed them all to benefit financially from the unnecessary and non-indicated procedures.

257.   As a direct and proximate result of the agreement or understanding between Dr. McLean and Peninsula Regional, Mr. Merrill was subjected to unnecessary and non-indicated cardiac catheterization and stent placement procedures; endured other unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his/her/their part contributing thereto.

WHEREFORE, Plaintiff, Frank Merrill, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D., John R. McLean,

M.D. & Associates, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

**COUNT 44: NEGLIGENCE (CONSORTIUM)**
(Frank and Lee Merrill, as Husband and Wife,
against Defendants, John R. McLean, M.D. and
John R. McLean, M.D & Associates)

</div>

258.  Plaintiffs, Frank and Lee Merrill, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 238 through 246 as if fully set forth herein.

259. As a direct and proximate result of the negligence of Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Frank and Lee Merrill, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

260. All of the Merrill's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and

apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Frank and Lee Merrill, as Husband and Wife, hereby claim damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 45: NEGLIGENCE (CONSORTIUM)
(Frank and Lee Merrill, as Husband and Wife,
against Defendants, Peninsula Regional Medical Center
and Peninsula Regional Health System, Inc.)

</div>

261. Plaintiffs, Frank and Lee Merrill, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 247 through 254 as if fully set forth herein.

262. As a direct and proximate result of the negligence of Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Frank and Lee Merrill, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been

deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

263. All of the Merrill's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Frank and Lee Merrill, as Husband and Wife, hereby claim damages against Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<u>COUNT 46: NEGLIGENCE</u>
(Donald Milligan, in his Individual Capacity, against John R. McLean, M.D. and John R. McLean, M.D & Associates)

264.   Plaintiff, Donald Milligan, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

265.   Donald Milligan was admitted to Peninsula Regional Hospital on June 16, 2004 for cardiac catheterization and stent placement procedures.

266.   Prior to his admission, Mr. Milligan had seen his cardiologist, Dr. John McLean, and been told that he needed to undergo catheterization and stent placement procedures because of a significant blockage (90-95%) in his Left Anterior Descending Coronary Artery.

267.   The catheterization and stent placement procedures were performed as scheduled on June 16, 2004.

268.   In early 2008, Mr. Milligan was contacted by an agent, servant, and/or employee of Peninsula Regional Medical Center who stated that his June 16, 2004 catheterization and stent placement were neither medically necessary nor indicated.

269.   The agent, servant, and/or employee of Peninsula Regional Medical Center stated that Dr. McLean had misread and misinterpreted Mr. Milligan's imaging study and his pre-catheterization condition was not sufficiently serious to require cardiac catheterization and/or stent placement.

270.   Contrary to what Dr. McLean had said, Mr. Milligan had a much smaller blockage in his Left Anterior Descending Coronary Artery, a blockage that was too small to require surgical intervention under the accepted standards of care.

271.   Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants,

and/or employees, were negligent and careless in their care and treatment of Mr. Milligan in that they:

a.    failed to properly and appropriately interpret and assess his pre-catheterization stress tests and diagnostic images before recommending and performing the cardiac catheterization and stent placement procedures;

b.    failed to recommend alternative medical therapy or another non-surgical course of action instead of recommending and performing the cardiac catheterization and stent placement procedures;

c.    failed to promptly recognize that the cardiac catheterization and stent placement procedures were not medically necessary;

d.    performed cardiac catheterization and stent placement procedures that were not medically indicated or necessary; and

e.    failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

272.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Donald Milligan, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and

care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

WHEREFORE, Plaintiff, Donald Milligan, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

## COUNT 47: NEGLIGENCE
(Donald Milligan, in his Individual Capacity, against
Defendants, Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

273.   Plaintiff, Donald Milligan, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

274.   When Mr. Milligan was admitted to Peninsula Regional for his cardiac catheterization and stent placement procedures on June 16, 2004, he came under the joint care of Dr. McLean and Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.

275.   Dr. McLean's performance of unnecessary and non-indicated cardiac catheterization and stent placement procedures on June 16, 2004 was not an isolated incident. In the months and years before June 16, 2004, Dr. McLean regularly and repeatedly performed unnecessary and non-indicated procedures in the Catheterization Lab at Peninsula Regional.

276.   Given the close working relationship between Dr. McLean and the Defendants' agents, servants, and/or employees, and the ongoing oversight, monitoring, and evaluation of his actions by the Director of the Catheterization Lab and others on his staff, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through their actual and apparent agents, servants, and/or employees, either knew, or with the exercise of reasonable caution, should have known that Dr. McLean was regularly and repeatedly performing unnecessary and non-indicated cardiac catheterization procedures in its Catheterization Lab, and was thus unqualified or incompetent to perform such

procedures, prior to and on June 16, 2004.

277.   Despite their duty to protect Mr. Milligan from known or knowable dangers, a duty arising out of their common law obligation to exercise reasonable care and their assumed duties to oversee, monitor, and evaluate the actions of the cardiologists who used their Catheterization Lab, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through its agents, servants, and/or employees, allowed Dr. McLean to perform unnecessary and non-indicated procedures on Mr. Milligan and assisted him in the procedures.

278.   Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Milligan in that they:

a.      allowed Dr. McLean to perform medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Milligan in its Catheterization Lab on June 16, 2004;

b.      failed to revoke or suspend Dr. McLean's privileges or stop allowing him to use the Catheterization Lab prior to him performing the medically unnecessary and non-indicated cardiac catheterization and stent placement

125

procedures on Mr. Milligan on June 16, 2004;

c.      assisted Dr. McLean and participated in the performance unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Milligan in its Catheterization Lab on June 16, 2004;

d.      failed to determine that Dr. McLean was unqualified or incompetent to perform cardiac catheterizations and stent placements prior to June 16, 2004;

e.      failed to exercise reasonable skill and care in monitoring and supervising Dr. McLean's actions as part of their ongoing privileges and laboratory oversight processes prior to June 16, 2004; and

f.       failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

279.  As a direct and proximate result of the negligence of the Defendants, Plaintiff, Donald Milligan, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses

including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

280.    Mr. Milligan was not aware of the information known or knowable to the actual and apparent agents, servants, and/or employees of Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., until after he and other patients of Dr. McLean were contacted by Peninsula Regional in early 2008.

WHEREFORE, Plaintiff, Donald Milligan, in his individual capacity, hereby claims damages against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

COUNT 48: NEGLIGENCE (CIVIL CONSPIRACY)
(Donald Milligan, in his Individual Capacity, against Defendants,
John R. McLean, M.D., John R. McLean, M.D & Associates,
Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

281.   Plaintiff, Donald Milligan, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 and 264 through 280 as if fully set forth herein.

282.   Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by agreement or understanding with Dr. McLean, provided him with the medical facilities and assistance needed to perform the unnecessary and non-indicated procedures on Mr. Milligan, an agreement or understanding that allowed them all to benefit financially from the unnecessary and non-indicated procedures.

283.   As a direct and proximate result of the agreement or understanding between Dr. McLean and Peninsula Regional, Mr. Milligan was subjected to unnecessary and non-indicated cardiac catheterization and stent placement procedures; endured other unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the

128

future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

WHEREFORE, Plaintiff, Mr. Milligan, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D., John R. McLean, M.D. & Associates, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

### COUNT 49: NEGLIGENCE (CONSORTIUM)
(Donald and Delores Milligan, as Husband and Wife,
against Defendants, John R. McLean, M.D. and
John R. McLean, M.D & Associates)

</div>

284.   Plaintiffs, Donald and Delores Milligan, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 264 through 272 as if fully set forth herein.

<div align="center">129</div>

285. As a direct and proximate result of the negligence of Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Donald and Delores Milligan, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

286. All of the Milligan's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Donald and Delores Milligan, as Husband and Wife, hereby claim damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

## COUNT 50: NEGLIGENCE (CONSORTIUM)
(Donald and Delores Milligan, as Husband and Wife,
against Defendants, Peninsula Regional Medical Center
and Peninsula Regional Health System, Inc.)

287.   Plaintiffs, Donald and Delores Milligan, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 273 through 280 as if fully set forth herein.

288. As a direct and proximate result of the negligence of Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Donald and Delores Milligan, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

289. All of the Milligan's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Donald and Delores Milligan, as Husband and Wife, hereby claim damages against Defendants, Peninsula Regional Medical

131

Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this act.

<div align="center">

COUNT 51: NEGLIGENCE
(Donald Milligan, in his Individual Capacity, against John R. McLean, M.D. and John R. McLean, M.D & Associates)

</div>

290.   Plaintiff, Donald Milligan, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

291.   Donald Milligan was admitted to Peninsula Regional Hospital on December 5, 2006 for cardiac catheterization and stent placement procedures.

292.   Prior to his admission, Mr. Milligan had seen his cardiologist, Dr. John McLean, and been told that he needed to undergo catheterization and stent placement procedures because of a significant blockage (90%) in his Left Anterior Descending Coronary Artery.

293.   The catheterization and stent placement procedures were performed as scheduled on December 5, 2006.

294.   In early 2008, Mr. Milligan was contacted by an agent, servant, and/or employee of Peninsula Regional Medical Center who stated that his December 5,

2006 catheterization and stent placement were neither medically necessary nor indicated.

295. The agent, servant, and/or employee of Peninsula Regional Medical Center stated that Dr. McLean had misread and misinterpreted Mr. Milligan's imaging study and his pre-catheterization condition was not sufficiently serious to require cardiac catheterization and/or stent placement.

296. Contrary to what Dr. McLean had said, Mr. Milligan had a much smaller blockage in his Left Anterior Descending Coronary Artery, a blockage that was too small to require surgical intervention under the accepted standards of care.

297. Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Milligan in that they:

a. failed to properly and appropriately interpret and assess his pre-catheterization stress tests and diagnostic images before recommending and performing the cardiac catheterization and stent placement procedures;

b. failed to recommend alternative medical therapy or another non-surgical course of action instead of recommending and performing the cardiac

catheterization and stent placement procedures;

c.     failed to promptly recognize that the cardiac catheterization and stent placement procedures were not medically necessary;

d.     performed cardiac catheterization and stent placement procedures that were not medically indicated or necessary; and

e.     failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

298.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Donald Milligan, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing

thereto.

WHEREFORE, Plaintiff, Donald Milligan, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

### COUNT 52: NEGLIGENCE
(Donald Milligan, in his Individual Capacity, against
Defendants, Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

299.   Plaintiff, Donald Milligan, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

300.   When Mr. Milligan was admitted to Peninsula Regional for his cardiac catheterization and stent placement procedures on December 5, 2006, he came under the joint care of Dr. McLean and Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.

301.   Dr. McLean's performance of unnecessary and non-indicated cardiac catheterization and stent placement procedures on December 5, 2006 was not an isolated incident. In the months and years before December 5, 2006, Dr. McLean

regularly and repeatedly performed unnecessary and non-indicated procedures in the Catheterization Lab at Peninsula Regional.

302.   Given the close working relationship between Dr. McLean and the Defendants' agents, servants, and/or employees, and the ongoing oversight, monitoring, and evaluation of his actions by the Director of the Catheterization Lab and others on his staff, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through their actual and apparent agents, servants, and/or employees, either knew, or with the exercise of reasonable caution, should have known that Dr. McLean was regularly and repeatedly performing unnecessary and non-indicated cardiac catheterization procedures in its Catheterization Lab, and was thus unqualified or incompetent to perform such procedures, prior to and on December 5, 2006.

303.   Despite their duty to protect Mr. Milligan from known or knowable dangers, a duty arising out of their common law obligation to exercise reasonable care and their assumed duties to oversee, monitor, and evaluate the actions of the cardiologists who used their Catheterization Lab, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through its agents, servants, and/or employees, allowed Dr. McLean to perform unnecessary

and non-indicated procedures on Mr. Milligan and assisted him in the procedures.

304.   Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Milligan in that they:

a.   allowed Dr. McLean to perform medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Milligan in its Catheterization Lab on December 5, 2006;

b.   failed to revoke or suspend Dr. McLean's privileges or stop allowing him to use the Catheterization Lab prior to him performing the medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Milligan on December 5, 2006;

c.   assisted Dr. McLean and participated in the performance unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Milligan in its Catheterization Lab on December 5, 2006;

d.   failed to determine that Dr. McLean was unqualified or incompetent to perform cardiac catheterizations and stent placements prior to December 5, 2006;

e.    failed to exercise reasonable skill and care in monitoring and supervising Dr. McLean's actions as part of their ongoing privileges and laboratory oversight processes prior to December 5, 2006; and

f.    failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

305.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Donald Milligan, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

306.   Mr. Milligan was not aware of the information known or knowable to

the actual and apparent agents, servants, and/or employees of Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., until after he and other patients of Dr. McLean were contacted by Peninsula Regional in early 2008.

WHEREFORE, Plaintiff, Donald Milligan, in his individual capacity, hereby claims damages against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 53: NEGLIGENCE (CIVIL CONSPIRACY)
(Donald Milligan, in his Individual Capacity, against Defendants,
John R. McLean, M.D., John R. McLean, M.D & Associates,
Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

</div>

307.   Plaintiff, Donald Milligan, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 and 290 through 306 as if fully set forth herein.

308.   Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by agreement or understanding with Dr. McLean, provided him with the medical facilities and assistance needed to perform the

unnecessary and non-indicated procedures on Mr. Milligan, an agreement or understanding that allowed them all to benefit financially from the unnecessary and non-indicated procedures.

309.   As a direct and proximate result of the agreement or understanding between Dr. McLean and Peninsula Regional, Mr. Milligan was subjected to unnecessary and non-indicated cardiac catheterization and stent placement procedures; endured other unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

WHEREFORE, Plaintiff, Mr. Milligan, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D., John R. McLean,

M.D. & Associates, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 54: NEGLIGENCE (CONSORTIUM)
(Donald and Delores Milligan, as Husband and Wife,
against Defendants, John R. McLean, M.D. and
John R. McLean, M.D & Associates)

</div>

310.  Plaintiffs, Donald and Delores Milligan, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 290 through 298 as if fully set forth herein.

311. As a direct and proximate result of the negligence of Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Donald and Delores Milligan, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

312. All of the Milligan's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and

apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Donald and Delores Milligan, as Husband and Wife, hereby claim damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

COUNT 55: NEGLIGENCE (CONSORTIUM)
(Donald and Delores Milligan, as Husband and Wife,
against Defendants, Peninsula Regional Medical Center
and Peninsula Regional Health System, Inc.)

313.   Plaintiffs, Donald and Delores Milligan, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 299 through 306 as if fully set forth herein.

314. As a direct and proximate result of the negligence of Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Donald and Delores Milligan, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and

been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

315. All of the Milligan's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Donald and Delores Milligan, as Husband and Wife, hereby claim damages against Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this act.

<u>COUNT 56: NEGLIGENCE</u>
(Donald Milligan, in his Individual Capacity, against John R. McLean, M.D. and John R. McLean, M.D & Associates)

316.  Plaintiff, Donald Milligan, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

317.  Donald Milligan was admitted to Peninsula Regional Hospital on January 4, 2006 for cardiac catheterization and stent placement procedures.

318.   Prior to his admission, Mr. Milligan had seen his cardiologist, Dr. John McLean, and been told that he needed to undergo catheterization and stent placement procedures because of a significant blockage (80%) in his Left Anterior Descending Coronary Artery.

319.   The catheterization and stent placement procedures were performed as scheduled on January 4, 2006.

320.   In early 2008, Mr. Milligan was contacted by an agent, servant, and/or employee of Peninsula Regional Medical Center who stated that his January 4, 2006 catheterization and stent placement were neither medically necessary nor indicated.

321.   The agent, servant, and/or employee of Peninsula Regional Medical Center stated that Dr. McLean had misread and misinterpreted Mr. Milligan's imaging study and his pre-catheterization condition was not sufficiently serious to require cardiac catheterization and/or stent placement.

322.   Contrary to what Dr. McLean had said, Mr. Milligan had a much smaller blockage in his Left Anterior Descending Coronary Artery, a blockage that was too small to require surgical intervention under the accepted standards of care.

323.   Defendants, John R. McLean, M.D. and John R. McLean, M.D. &

Associates, directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Milligan in that they:

a.    failed to properly and appropriately interpret and assess his pre-catheterization stress tests and diagnostic images before recommending and performing the cardiac catheterization and stent placement procedures;

b.    failed to recommend alternative medical therapy or another non-surgical course of action instead of recommending and performing the cardiac catheterization and stent placement procedures;

c.    failed to promptly recognize that the cardiac catheterization and stent placement procedures were not medically necessary;

d.    performed cardiac catheterization and stent placement procedures that were not medically indicated or necessary; and

e.    failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

324.    As a direct and proximate result of the negligence of the Defendants, Plaintiff, Donald Milligan, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo

additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

WHEREFORE, Plaintiff, Donald Milligan, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

### COUNT 57: NEGLIGENCE
(Donald Milligan, in his Individual Capacity, against
Defendants, Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

325.   Plaintiff, Donald Milligan, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28

as if fully set forth herein.

326.   When Mr. Milligan was admitted to Peninsula Regional for his cardiac catheterization and stent placement procedures on January 4, 2006, he came under the joint care of Dr. McLean and Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.

327.   Dr. McLean's performance of unnecessary and non-indicated cardiac catheterization and stent placement procedures on January 4, 2006 was not an isolated incident. In the months and years before January 4, 2006, Dr. McLean regularly and repeatedly performed unnecessary and non-indicated procedures in the Catheterization Lab at Peninsula Regional.

328.   Given the close working relationship between Dr. McLean and the Defendants' agents, servants, and/or employees, and the ongoing oversight, monitoring, and evaluation of his actions by the Director of the Catheterization Lab and others on his staff, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through their actual and apparent agents, servants, and/or employees, either knew, or with the exercise of reasonable caution, should have known that Dr. McLean was regularly and repeatedly performing unnecessary and non-indicated cardiac catheterization procedures in its

Catheterization Lab, and was thus unqualified or incompetent to perform such procedures, prior to and on January 4, 2006.

329.   Despite their duty to protect Mr. Milligan from known or knowable dangers, a duty arising out of their common law obligation to exercise reasonable care and their assumed duties to oversee, monitor, and evaluate the actions of the cardiologists who used their Catheterization Lab, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through its agents, servants, and/or employees, allowed Dr. McLean to perform unnecessary and non-indicated procedures on Mr. Milligan and assisted him in the procedures.

330. Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Milligan in that they:

a.     allowed Dr. McLean to perform medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Milligan in its Catheterization Lab on January 4, 2006;

b.     failed to revoke or suspend Dr. McLean's privileges or stop allowing him to use the Catheterization Lab prior to him performing the medically

unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Milligan on January 4, 2006;

c.      assisted Dr. McLean and participated in the performance unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Milligan in its Catheterization Lab on January 4, 2006;

d.      failed to determine that Dr. McLean was unqualified or incompetent to perform cardiac catheterizations and stent placements prior to January 4, 2006;

e.      failed to exercise reasonable skill and care in monitoring and supervising Dr. McLean's actions as part of their ongoing privileges and laboratory oversight processes prior to January 4, 2006; and

f.       failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

331.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Donald Milligan, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional

injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

332.   Mr. Milligan was not aware of the information known or knowable to the actual and apparent agents, servants, and/or employees of Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., until after he and other patients of Dr. McLean were contacted by Peninsula Regional in early 2008.

WHEREFORE, Plaintiff, Donald Milligan, in his individual capacity, hereby claims damages against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

## COUNT 58: NEGLIGENCE (CIVIL CONSPIRACY)
(Donald Milligan, in his Individual Capacity, against Defendants,
John R. McLean, M.D., John R. McLean, M.D & Associates,
Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

333.  Plaintiff, Donald Milligan, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 and 316 through 332 as if fully set forth herein.

334. Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by agreement or understanding with Dr. McLean, provided him with the medical facilities and assistance needed to perform the unnecessary and non-indicated procedures on Mr. Milligan, an agreement or understanding that allowed them all to benefit financially from the unnecessary and non-indicated procedures.

335.  As a direct and proximate result of the agreement or understanding between Dr. McLean and Peninsula Regional, Mr. Milligan was subjected to unnecessary and non-indicated cardiac catheterization and stent placement procedures; endured other unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the

future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

WHEREFORE, Plaintiff, Mr. Milligan, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D., John R. McLean, M.D. & Associates, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<u>COUNT 59: NEGLIGENCE (CONSORTIUM)</u>
(Donald and Delores Milligan, as Husband and Wife,
against Defendants, John R. McLean, M.D. and
John R. McLean, M.D & Associates)

336.   Plaintiffs, Donald and Delores Milligan, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 316 through 324 as if fully set forth herein.

337. As a direct and proximate result of the negligence of Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Donald and Delores Milligan, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

338. All of the Milligan's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Donald and Delores Milligan, as Husband and Wife, hereby claim damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

COUNT 60: NEGLIGENCE (CONSORTIUM)
(Donald and Delores Milligan, as Husband and Wife,
against Defendants, Peninsula Regional Medical Center
and Peninsula Regional Health System, Inc.)

339.   Plaintiffs, Donald and Delores Milligan, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 325 through 332 as if fully set forth herein.

340. As a direct and proximate result of the negligence of Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Donald and Delores Milligan, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

341. All of the Milligan's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Donald and Delores Milligan, as Husband and Wife, hereby claim damages against Defendants, Peninsula Regional Medical

Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this act.

<div align="center">

COUNT 61: NEGLIGENCE
(Dennard Quillen, in his Individual Capacity, against John R. McLean, M.D.
and John R. McLean, M.D & Associates)

</div>

342.   Plaintiff, Dennard Quillen, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

343.   Dennard Quillen was admitted to Peninsula Regional Hospital on February 9, 2005 for cardiac catheterization and stent placement procedures.

344.   Prior to his admission, Mr. Quillen had seen his cardiologist, Dr. John McLean, and been told that he needed to undergo catheterization and stent placement procedures because of a significant blockage in his left anterior descending coronary artery.

345.   The catheterization and stent placement procedures were performed as scheduled on February 9, 2005.

346.   In 2008, Mr. Quillen was contacted by an agent, servant, and/or employee of Peninsula Regional Medical Center who stated that his February 9,

<div align="center">

155

</div>

2005 catheterization and stent placement were neither medically necessary nor indicated.

347.   The agent, servant, and/or employee of Peninsula Regional Medical Center stated that Dr. McLean had misread and misinterpreted Mr. Quillen's imaging study and his pre-catheterization condition was not sufficiently serious to require cardiac catheterization and/or stent placement.

348.   Contrary to what Dr. McLean had said, Mr. Quillen had much smaller blockages in his artery, blockages that were too small to require surgical intervention under the accepted standards of care.

349.   Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Quillen in that they:

a.      failed to properly and appropriately interpret and assess his pre-catheterization stress tests and diagnostic images before recommending and performing the cardiac catheterization and stent placement procedures;

b.      failed to recommend alternative medical therapy or another non-surgical course of action instead of recommending and performing the cardiac

catheterization and stent placement procedures;

c.     failed to promptly recognize that the cardiac catheterization and stent placement procedures were not medically necessary;

d.     performed cardiac catheterization and stent placement procedures that were not medically indicated or necessary; and

e.     failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

350.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Dennard Quillen, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his/her/their part

contributing thereto.

WHEREFORE, Plaintiff, Dennard Quillen, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<u>COUNT 62: NEGLIGENCE</u>
(Dennard Quillen, in his Individual Capacity, against Defendants,
Peninsula Regional Medical Center and Peninsula Regional Health System,
Inc.)

351.   Plaintiff, Dennard Quillen, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

352.   When Mr. Quillen was admitted to Peninsula Regional for his cardiac catheterization and stent placement procedures on February 9, 2005, he came under the joint care of Dr. McLean and Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.

353.   Dr. McLean's performance of unnecessary and non-indicated cardiac catheterization and stent placement procedures on February 9, 2005 was not an isolated incident. In the months and years before February 9, 2005, Dr. McLean

regularly and repeatedly performed unnecessary and non-indicated procedures in the Catheterization Lab at Peninsula Regional.

354.   Given the close working relationship between Dr. McLean and the Defendants' agents, servants, and/or employees, and the ongoing oversight, monitoring, and evaluation of his actions by the Director of the Catheterization Lab and others on his staff, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through their actual and apparent agents, servants, and/or employees, either knew, or with the exercise of reasonable caution, should have known that Dr. McLean was regularly and repeatedly performing unnecessary and non-indicated cardiac catheterization procedures in its Catheterization Lab, and was thus unqualified or incompetent to perform such procedures, prior to and on February 9, 2005.

355.   Despite their duty to protect Dennard Quillen from known or knowable dangers, a duty arising out of their common law obligation to exercise reasonable care and their assumed duties to oversee, monitor, and evaluate the actions of the cardiologists who used their Catheterization Lab, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through its agents, servants, and/or employees, allowed Dr. McLean to

perform unnecessary and non-indicated procedures on Mr. Quillen and assisted him in the procedures.

356. Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Quillen in that they:

a.      allowed Dr. McLean to perform medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Quillen in its Catheterization Lab on February 9, 2005;

b.      failed to revoke or suspend Dr. McLean's privileges or stop allowing him to use the Catheterization Lab prior to him performing the medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Quillen on February 9, 2005;

c.      assisted Dr. McLean and participated in the performance unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Quillen in its Catheterization Lab on February 9, 2005;

d.      failed to determine that Dr. McLean was unqualified or incompetent to perform cardiac catheterizations and stent placements prior to February 9, 2005;

e.      failed to exercise reasonable skill and care in monitoring and supervising Dr. McLean's actions as part of their ongoing privileges and laboratory oversight processes prior to February 9, 2005; and

f.      failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

357.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Dennard Quillen, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his/her/their part contributing thereto.

358.   Mr. Quillen was not aware of the information known or knowable to

the actual and apparent agents, servants, and/or employees of Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., until after he and other patients of Dr. McLean were contacted by Peninsula Regional in early 2008.

WHEREFORE, Plaintiff, Dennard Quillen, in his individual capacity, hereby claims damages against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

## COUNT 63: NEGLIGENCE (CIVIL CONSPIRACY)
(Dennard Quillen, in his Individual Capacity, against Defendants,
John R. McLean, M.D., John R. McLean, M.D & Associates,
Peninsula Regional Medical Center and Peninsula Regional Health System,
Inc.)

359.   Plaintiff, Dennard Quillen, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 and 342 through 358 as if fully set forth herein.

360.   Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by agreement or understanding with Dr. McLean, provided him with the medical facilities and assistance needed to perform the

unnecessary and non-indicated procedures on Mr. Quillen, an agreement or understanding that allowed them all to benefit financially from the unnecessary and non-indicated procedures.

361.  As a direct and proximate result of the agreement or understanding between Dr. McLean and Peninsula Regional, Mr. Quillen was subjected to unnecessary and non-indicated cardiac catheterization and stent placement procedures; endured other unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his/her/their part contributing thereto.

WHEREFORE, Plaintiff, Dennard Quillen, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D., John R.

McLean, M.D. & Associates, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 64: NEGLIGENCE (CONSORTIUM)
(Dennard and Charlotte Quillen, as Husband and Wife,
against Defendants, John R. McLean, M.D. and
John R. McLean, M.D & Associates)

</div>

362.  Plaintiffs, Dennard and Charlotte Quillen, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 342 through 350 as if fully set forth herein.

363.  As a direct and proximate result of the negligence of Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Dennard and Charlotte Quillen, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

364. All of the Quillens' injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and

apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Dennard and Charlotte Quillen, as Husband and Wife, hereby claim damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

COUNT 65: NEGLIGENCE (CONSORTIUM)
(Dennard and Charlotte Quillen, as Husband and Wife,
against Defendants, Peninsula Regional Medical Center
and Peninsula Regional Health System, Inc.)

365. Plaintiffs, Dennard and Charlotte Quillen, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 351 through 358 as if fully set forth herein.

366. As a direct and proximate result of the negligence of Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Dennard and Charlotte Quillen, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and

been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

367. All of the Quillens' injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Dennard and Charlotte Quillen, as Husband and Wife, hereby claim damages against Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

## COUNT 66: NEGLIGENCE
(Raymond Rosenberger, in his Individual Capacity, against John R. McLean, M.D.
and John R. McLean, M.D & Associates)

368. Plaintiff, Raymond Rosenberger, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

369. Raymond Rosenberger was admitted to Peninsula Regional Hospital on January 27, 2005 for cardiac catheterization and stent placement procedures.

370.   Prior to his admission, Mr. Rosenberger had seen his cardiologist, Dr. John McLean, and been told that he needed to undergo catheterization and stent placement procedures because of a significant blockage (90-95%) in his mid left anterior descending artery.

371.   The catheterization and stent placement procedures were performed as scheduled on January 27, 2005.

372.   In 2008, Mr. Rosenberger was contacted by an agent, servant, and/or employee of Peninsula Regional Medical Center who stated that his January 27, 2005 catheterization and stent placement were neither medically necessary nor indicated.

373.   The agent, servant, and/or employee of Peninsula Regional Medical Center stated that Dr. McLean had misread and misinterpreted Mr. Rosenberger's imaging study and his pre-catheterization condition was not sufficiently serious to require cardiac catheterization and/or stent placement.

374.   Contrary to what Dr. McLean had said, Mr. Rosenberger had much smaller blockages in his artery, blockages that were too small to require surgical intervention under the accepted standards of care.

375.   Defendants, John R. McLean, M.D. and John R. McLean, M.D. &

Associates, directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Rosenberger in that they:

a.      failed to properly and appropriately interpret and assess his precatheterization stress tests and diagnostic images before recommending and performing the cardiac catheterization and stent placement procedures;

b.      failed to recommend alternative medical therapy or another non-surgical course of action instead of recommending and performing the cardiac catheterization and stent placement procedures;

c.      failed to promptly recognize that the cardiac catheterization and stent placement procedures were not medically necessary;

d.      performed cardiac catheterization and stent placement procedures that were not medically indicated or necessary; and

e.      failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

376.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Raymond Rosenberger, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo

additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his/her/their part contributing thereto.

WHEREFORE, Plaintiff, Raymond Rosenberger, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<u>COUNT 67: NEGLIGENCE</u>
(Raymond Rosenberger, in his Individual Capacity, against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.)

377.  Plaintiff, Raymond Rosenberger, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1

through 28 as if fully set forth herein.

378.   When Mr. Rosenberger was admitted to Peninsula Regional for his cardiac catheterization and stent placement procedures on January 27, 2005, he came under the joint care of Dr. McLean and Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.

379.   Dr. McLean's performance of unnecessary and non-indicated cardiac catheterization and stent placement procedures on January 27, 2005 was not an isolated incident. In the months and years before January 27, 2005, Dr. McLean regularly and repeatedly performed unnecessary and non-indicated procedures in the Catheterization Lab at Peninsula Regional.

380.   Given the close working relationship between Dr. McLean and the Defendants' agents, servants, and/or employees, and the ongoing oversight, monitoring, and evaluation of his actions by the Director of the Catheterization Lab and others on his staff, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through their actual and apparent agents, servants, and/or employees, either knew, or with the exercise of reasonable caution, should have known that Dr. McLean was regularly and repeatedly performing unnecessary and non-indicated cardiac catheterization procedures in its

Catheterization Lab, and was thus unqualified or incompetent to perform such procedures, prior to and on January 27, 2005.

381.   Despite their duty to protect Raymond Rosenberger from known or knowable dangers, a duty arising out of their common law obligation to exercise reasonable care and their assumed duties to oversee, monitor, and evaluate the actions of the cardiologists who used their Catheterization Lab, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through its agents, servants, and/or employees, allowed Dr. McLean to perform unnecessary and non-indicated procedures on Mr. Rosenberger and assisted him in the procedures.

382.   Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Rosenberger in that they:

a.     allowed Dr. McLean to perform medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Rosenberger in its Catheterization Lab on January 27, 2005;

b.     failed to revoke or suspend Dr. McLean's privileges or stop allowing

him to use the Catheterization Lab prior to him performing the medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Rosenberger on January 27, 2005;

c.      assisted Dr. McLean and participated in the performance unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Rosenberger in its Catheterization Lab on January 27, 2005;

d.      failed to determine that Dr. McLean was unqualified or incompetent to perform cardiac catheterizations and stent placements prior to January 27, 2005;

e.      failed to exercise reasonable skill and care in monitoring and supervising Dr. McLean's actions as part of their ongoing privileges and laboratory oversight processes prior to January 27, 2005; and

f.       failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

383.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Raymond Rosenberger, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma,

upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his/her/their part contributing thereto.

384.   Mr. Rosenberger was not aware of the information known or knowable to the actual and apparent agents, servants, and/or employees of Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., until after he and other patients of Dr. McLean were contacted by Peninsula Regional in early 2008.

WHEREFORE, Plaintiff, Raymond Rosenberger, in his individual capacity, hereby claims damages against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

COUNT 68: NEGLIGENCE (CIVIL CONSPIRACY)
(Raymond Rosenberger, in his Individual Capacity, against Defendants,
John R. McLean, M.D., John R. McLean, M.D & Associates,
Peninsula Regional Medical Center and Peninsula Regional Health System,
Inc.)

385.   Plaintiff, Raymond Rosenberger, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 and 368 through 384 as if fully set forth herein.

386.   Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by agreement or understanding with Dr. McLean, provided him with the medical facilities and assistance needed to perform the unnecessary and non-indicated procedures on Mr. Rosenberger, an agreement or understanding that allowed them all to benefit financially from the unnecessary and non-indicated procedures.

387.   As a direct and proximate result of the agreement or understanding between Dr. McLean and Peninsula Regional, Mr. Rosenberger was subjected to unnecessary and non-indicated cardiac catheterization and stent placement procedures; endured other unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the

future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his/her/their part contributing thereto.

WHEREFORE, Plaintiff, Raymond Rosenberger, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D., John R. McLean, M.D. & Associates, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

### COUNT 69: NEGLIGENCE (CONSORTIUM)
(Raymond and Nancy Rosenberger, as Husband and Wife,
against Defendants, John R. McLean, M.D. and
John R. McLean, M.D & Associates)

388. Plaintiffs, Raymond and Nancy Rosenberger, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 368 through 376 as if fully set forth herein.

389. As a direct and proximate result of the negligence of Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Raymond and Nancy Rosenberger, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

390. All of the Rosenberger's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Raymond and Nancy Rosenberger, as Husband and Wife, hereby claim damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

## COUNT 70: NEGLIGENCE (CONSORTIUM)
(Raymond and Nancy Rosenberger, as Husband and Wife,
against Defendants, Peninsula Regional Medical Center
and Peninsula Regional Health System, Inc.)

391.  Plaintiffs, Raymond and Nancy Rosenberger, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 377 through 384 as if fully set forth herein.

392. As a direct and proximate result of the negligence of Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Raymond and Nancy Rosenberger, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

393. All of the Rosenberger's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Raymond and Nancy Rosenberger, as Husband and Wife, hereby claim damages against Defendants, Peninsula Regional Medical

Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this act.

<div align="center">COUNT 71: NEGLIGENCE</div>
<div align="center">(Betty Russell, in her Individual Capacity, against John R. McLean, M.D.<br>and John R. McLean, M.D & Associates)</div>

394.   Plaintiff, Betty Russell, in her individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

395.   Betty Russell was admitted to Peninsula Regional Hospital on June 27, 2005 for cardiac catheterization and stent placement procedures.

396.   Prior to her admission, Mrs. Hess had seen her cardiologist, Dr. John McLean, and been told that she needed to undergo catheterization and stent placement procedures because of a significant blockage (80%) in her Left Anterior Descending Coronary Artery.

397.   The catheterization procedure was performed as scheduled on June 27, 2005. When Dr. McLean could not place a stent, he performed an angioplasty.

398.   As a result of the procedure, Mrs. Russell was placed on Plavix and developed a substantial bleed, causing her to vomit blood and bleed heavily from

the nose.

399.   In early 2007, Mrs. Russell was contacted by an agent, servant, and/or employee of Peninsula Regional Medical Center who stated that her June 27, 2005 catheterization was neither medically necessary nor indicated.

400.   The agent, servant, and/or employee of Peninsula Regional Medical Center stated that Dr. McLean had misread and misinterpreted Mrs. Russell's imaging study and her pre-catheterization condition was not sufficiently serious to require cardiac catheterization and/or stent placement.

401.   Contrary to what Dr. McLean had said, Mrs. Russell had a much smaller blockage in her Left Anterior Descending Coronary Artery, a blockage that was too small to require surgical intervention under the accepted standards of care.

402.   Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mrs. Russell in that they:

a.      failed to properly and appropriately interpret and assess her pre-catheterization stress tests and diagnostic images before recommending and performing the cardiac catheterization and stent placement procedures;

b.      failed to recommend alternative medical therapy or another non-surgical course of action instead of recommending and performing the cardiac catheterization and stent placement procedures;

c.      failed to promptly recognize that the cardiac catheterization and stent placement procedures were not medically necessary;

d.      performed cardiac catheterization and stent placement procedures that were not medically indicated or necessary; and

e.      failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

403.    As a direct and proximate result of the negligence of the Defendants, Plaintiff, Betty Russell, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but

not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on her part contributing thereto.

WHEREFORE, Plaintiff, Betty Russell, in her individual capacity, hereby claims damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<u>COUNT 72: NEGLIGENCE</u>
(Betty Russell, in her Individual Capacity, against Defendants,
Peninsula Regional Medical Center and Peninsula Regional Health System,
Inc.)

404.   Plaintiff, Betty Russell, in her individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

405.   When Mrs. Russell was admitted to Peninsula Regional for her cardiac catheterization and stent placement procedures on June 27, 2005, she came under the joint care of Dr. McLean and Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.

406.   Dr. McLean's performance of unnecessary and non-indicated cardiac

181

catheterization and stent placement procedures on June 27, 2005 was not an isolated incident. In the months and years before June 27, 2005, Dr. McLean regularly and repeatedly performed unnecessary and non-indicated procedures in the Catheterization Lab at Peninsula Regional.

407.   Given the close working relationship between Dr. McLean and the Defendants' agents, servants, and/or employees, and the ongoing oversight, monitoring, and evaluation of her actions by the Director of the Catheterization Lab and others on her staff, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through their actual and apparent agents, servants, and/or employees, either knew, or with the exercise of reasonable caution, should have known that Dr. McLean was regularly and repeatedly performing unnecessary and non-indicated cardiac catheterization procedures in its Catheterization Lab, and was thus unqualified or incompetent to perform such procedures, prior to and on June 27, 2005.

408.   Despite their duty to protect Betty Russell from known or knowable dangers, a duty arising out of their common law obligation to exercise reasonable care and their assumed duties to oversee, monitor, and evaluate the actions of the cardiologists who used their Catheterization Lab, Defendants, Peninsula Regional

Medical Center and Peninsula Regional Health System, Inc., by and through its agents, servants, and/or employees, allowed Dr. McLean to perform unnecessary and non-indicated procedures on Mrs. Hess and assisted him in the procedures.

409.     Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mrs. Russell in that they:

a.     allowed Dr. McLean to perform medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mrs. Russell in its Catheterization Lab on June 27, 2005;

b.     failed to revoke or suspend Dr. McLean's privileges or stop allowing him to use the Catheterization Lab prior to him performing the medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mrs. Russell on June 27, 2005;

c.     assisted Dr. McLean and participated in the performance unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mrs. Russell in its Catheterization Lab on June 27, 2005;

d.     failed to determine that Dr. McLean was unqualified or incompetent

to perform cardiac catheterizations and stent placements prior to June 27, 2005;

e.    failed to exercise reasonable skill and care in monitoring and supervising Dr. McLean's actions as part of their ongoing privileges and laboratory oversight processes prior to June 27, 2005; and

f.    failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

410.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Betty Russell, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on her part contributing thereto.

411.   Mrs. Russell was not aware of the information known or knowable to the actual and apparent agents, servants, and/or employees of Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., until after she and other patients of Dr. McLean were contacted by Peninsula Regional in early 2007.

WHEREFORE, Plaintiff, Betty Russell, in her individual capacity, hereby claims damages against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div style="text-align:center">

COUNT 73: NEGLIGENCE (CIVIL CONSPIRACY)
(Betty Russell, in her Individual Capacity, against Defendants,
John R. McLean, M.D., John R. McLean, M.D & Associates,
Peninsula Regional Medical Center and Peninsula Regional Health System,
Inc.)

</div>

412.   Plaintiff, Betty Russell, in her individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 and 394 through 411 as if fully set forth herein.

413. Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by agreement or understanding with Dr. McLean,

provided him with the medical facilities and assistance needed to perform the unnecessary and non-indicated procedures on Mrs. Russell, an agreement or understanding that allowed them all to benefit financially from the unnecessary and non-indicated procedures.

414. As a direct and proximate result of the agreement or understanding between Dr. McLean and Peninsula Regional, Mrs. Russell was subjected to unnecessary and non-indicated cardiac catheterization and stent placement procedures; endured other unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on her part contributing thereto.

WHEREFORE, Plaintiff, Betty Russell, in her individual capacity, hereby

claims damages against Defendants, John R. McLean, M.D., John R. McLean, M.D. & Associates, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 74: NEGLIGENCE (CONSORTIUM)
(Betty and Bruce Russell, as Husband and Wife,
against Defendants, John R. McLean, M.D. and
John R. McLean, M.D & Associates)

</div>

415.  Plaintiffs, Betty and Bruce Russell, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 394 through 403 as if fully set forth herein.

416. As a direct and proximate result of the negligence of Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Betty and Bruce Russell, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

417. All of the Russells' injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Betty and Bruce Russell, as Husband and Wife, hereby claim damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 75: NEGLIGENCE (CONSORTIUM)
(Betty and Bruce Russell, as Husband and Wife,
against Defendants, Peninsula Regional Medical Center
and Peninsula Regional Health System, Inc.)

</div>

418. Plaintiffs, Betty and Bruce Russell, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 404 through 411 as if fully set forth herein.

419. As a direct and proximate result of the negligence of Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Betty and Bruce Russell, as Husband and Wife, have been

<div align="center">188</div>

caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

420. All of the Russells' injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Betty and Bruce Russell, as Husband and Wife, hereby claim damages against Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 76: NEGLIGENCE
(Leroy Scriba, in his Individual Capacity, against John R. McLean, M.D.
and John R. McLean, M.D & Associates)

</div>

421.   Plaintiff, Leroy Scriba, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

422.   Leroy Scriba was admitted to Peninsula Regional Hospital on January

<div align="center">189</div>

18, 2006 for cardiac catheterization and stent placement procedures.

423. Prior to his admission, Mr. Scriba had seen his cardiologist, Dr. John McLean, and been told that he needed to undergo catheterization and stent placement procedures because of a significant blockage (80%) in the middle portion of his Left Anterior Descending Coronary Artery.

424. The catheterization and stent placement procedures were performed as scheduled on January 18, 2006.

425. In March of 2007, Mr. Scriba was contacted by an agent, servant, and/or employee of Peninsula Regional Medical Center who stated that his January 18, 2006 catheterization and stent placement were neither medically necessary nor indicated.

426. The agent, servant, and/or employee of Peninsula Regional Medical Center stated that Dr. McLean had misread and misinterpreted Mr. Scriba's imaging study and his pre-catheterization condition was not sufficiently serious to require cardiac catheterization and/or stent placement.

427. Contrary to what Dr. McLean had said, Mr. Scriba had a much smaller blockage in the middle portion of his Left Anterior Descending Coronary Artery, a blockage that was too small to require surgical intervention under the

accepted standards of care.

428.   Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Scriba in that they:

a.      failed to properly and appropriately interpret and assess his pre-catheterization stress tests and diagnostic images before recommending and performing the cardiac catheterization and stent placement procedures;

b.      failed to recommend alternative medical therapy or another non-surgical course of action instead of recommending and performing the cardiac catheterization and stent placement procedures;

c.      failed to promptly recognize that the cardiac catheterization and stent placement procedures were not medically necessary;

d.      performed cardiac catheterization and stent placement procedures that were not medically indicated or necessary; and

e.      failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

429.   As a direct and proximate result of the negligence of the Defendants,

Plaintiff, Leroy Scriba, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

WHEREFORE, Plaintiff, Leroy Scriba, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

COUNT 77: NEGLIGENCE
(Leroy Scriba, in his Individual Capacity, against
Defendants, Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

430.   Plaintiff, Leroy Scriba, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

431.   When Mr. Scriba was admitted to Peninsula Regional for his cardiac catheterization and stent placement procedures on January 18, 2006, he came under the joint care of Dr. McLean and Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.

432.   Dr. McLean's performance of unnecessary and non-indicated cardiac catheterization and stent placement procedures on January 18, 2006 was not an isolated incident. In the months and years before January 18, 2006, Dr. McLean regularly and repeatedly performed unnecessary and non-indicated procedures in the Catheterization Lab at Peninsula Regional.

433.   Given the close working relationship between Dr. McLean and the Defendants' agents, servants, and/or employees, and the ongoing oversight, monitoring, and evaluation of his actions by the Director of the Catheterization Lab and others on his staff, Defendants, Peninsula Regional Medical Center and

Peninsula Regional Health System, Inc., by and through their actual and apparent agents, servants, and/or employees, either knew, or with the exercise of reasonable caution, should have known that Dr. McLean was regularly and repeatedly performing unnecessary and non-indicated cardiac catheterization procedures in its Catheterization Lab, and was thus unqualified or incompetent to perform such procedures, prior to and on January 18, 2006.

434.   Despite their duty to protect Mr. Scriba from known or knowable dangers, a duty arising out of their common law obligation to exercise reasonable care and their assumed duties to oversee, monitor, and evaluate the actions of the cardiologists who used their Catheterization Lab, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through its agents, servants, and/or employees, allowed Dr. McLean to perform unnecessary and non-indicated procedures on Mr. Scriba and assisted him in the procedures.

435.   Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Scriba in that they:

a.      allowed Dr. McLean to perform medically unnecessary and non-

indicated cardiac catheterization and stent placement procedures on Mr. Scriba in its Catheterization Lab on January 18, 2006;

b.      failed to revoke or suspend Dr. McLean's privileges or stop allowing him to use the Catheterization Lab prior to him performing the medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Scriba on January 18, 2006;

c.      assisted Dr. McLean and participated in the performance unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Scriba in its Catheterization Lab on January 18, 2006;

d.      failed to determine that Dr. McLean was unqualified or incompetent to perform cardiac catheterizations and stent placements prior to January 18, 2006;

e.      failed to exercise reasonable skill and care in monitoring and supervising Dr. McLean's actions as part of their ongoing privileges and laboratory oversight processes prior to January 18, 2006; and

f.       failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

436.    As a direct and proximate result of the negligence of the Defendants, Plaintiff, Leroy Scriba, endured unnecessary, significant, traumatic, and painful

medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

437.   Mr. Scriba was not aware of the information known or knowable to the actual and apparent agents, servants, and/or employees of Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., until after he and other patients of Dr. McLean were contacted by Peninsula Regional in March of 2007.

WHEREFORE, Plaintiff, Leroy Scriba, in his individual capacity, hereby claims damages against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., jointly and severally, in an amount in

excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars),

together with all of the costs of this action.

<div align="center">

COUNT 78: NEGLIGENCE (CIVIL CONSPIRACY)
(Leroy Scriba, in his Individual Capacity, against Defendants,
John R. McLean, M.D., John R. McLean, M.D & Associates,
Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

</div>

438.   Plaintiff, Leroy Scriba, in his individual capacity, hereby reasserts and

incorporates by reference the allegations contained in paragraphs 1 through 28 and

421 through 437 as if fully set forth herein.

439.  Defendants, Peninsula Regional Medical Center and Peninsula

Regional Health System, Inc., by agreement or understanding with Dr. McLean,

provided him with the medical facilities and assistance needed to perform the

unnecessary and non-indicated procedures on Mr. Scriba, an agreement or

understanding that allowed them all to benefit financially from the unnecessary and

non-indicated procedures.

440.  As a direct and proximate result of the agreement or understanding

between Dr. McLean and Peninsula Regional, Mr. Scriba was subjected to

unnecessary and non-indicated cardiac catheterization and stent placement

procedures; endured other unnecessary, significant, traumatic, and painful medical

procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

WHEREFORE, Plaintiff, Mr. Scriba, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D., John R. McLean, M.D. & Associates, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 79: NEGLIGENCE (CONSORTIUM)
(Leroy and Elinor Scriba, as Husband and Wife,
against Defendants, John R. McLean, M.D. and
John R. McLean, M.D & Associates)

</div>

441.   Plaintiffs, Leroy and Elinor Scriba, as Husband and Wife, hereby

reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 421 through 429 as if fully set forth herein.

442. As a direct and proximate result of the negligence of Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Leroy and Elinor Scriba, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

443. All of the Scriba's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Leroy and Elinor Scriba, as Husband and Wife, hereby claim damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

COUNT 80: NEGLIGENCE (CONSORTIUM)
(Leroy and Elinor Scriba, as Husband and Wife,
against Defendants, Peninsula Regional Medical Center
and Peninsula Regional Health System, Inc.)

444.  Plaintiffs, Leroy and Elinor Scriba, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 430 through 437 as if fully set forth herein.

445. As a direct and proximate result of the negligence of Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Leroy and Elinor Scriba, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

446. All of the Scriba's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Leroy and Elinor Scriba, as Husband and Wife, hereby claim damages against Defendants, Peninsula Regional Medical Center,

and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this act.

<div align="center">

COUNT 81: NEGLIGENCE
(Harry Warburton, in his Individual Capacity, against John R. McLean, M.D.
and John R. McLean, M.D & Associates)

</div>

447.   Plaintiff, Harry Warburton, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

448.   Harry Warburton was admitted to Peninsula Regional Hospital on June 19, 2006 for cardiac catheterization and stent placement procedures.

449.   Prior to his admission, Mr. Warburton had seen his cardiologist, Dr. John McLean, and been told that he needed to undergo catheterization and stent placement procedures because of a significant blockage (95%) in his Ramus Intermedius Artery.

450.   The catheterization and stent placement procedures were performed as scheduled on June 19, 2006.

451.   In November 2007, Mr. Warburton received a letter from an agent, servant, and/or employee of Peninsula Regional Medical Center who stated that his

June 19, 2006 catheterization and stent placement were neither medically necessary nor indicated.

452.   The agent, servant, and/or employee of Peninsula Regional Medical Center stated that Dr. McLean had misread and misinterpreted Mr. Warburton's imaging study and his pre-catheterization condition was not sufficiently serious to require cardiac catheterization and/or stent placement.

453.   Contrary to what Dr. McLean had said, Mr. Warburton had a much smaller blockage in his Ramus Intermedius Artery, a blockage that was too small to require surgical intervention under the accepted standards of care.

454.   Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Warburton in that they:

a.      failed to properly and appropriately interpret and assess his pre-catheterization stress tests and diagnostic images before recommending and performing the cardiac catheterization and stent placement procedures;

b.      failed to recommend alternative medical therapy or another non-surgical course of action instead of recommending and performing the cardiac

catheterization and stent placement procedures;

c.      failed to promptly recognize that the cardiac catheterization and stent placement procedures were not medically necessary;

d.      performed cardiac catheterization and stent placement procedures that were not medically indicated or necessary; and

e.      failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

455.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Harry Warburton, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his/her/their part

contributing thereto.

WHEREFORE, Plaintiff, Harry Warburton, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 82: NEGLIGENCE

(Harry Warburton, in his Individual Capacity, against Defendants,
Peninsula Regional Medical Center and Peninsula Regional Health System,
Inc.)

</div>

456.   Plaintiff, Harry Warburton, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

457.   When Mr. Warburton was admitted to Peninsula Regional for his cardiac catheterization and stent placement procedures on June 19, 2006, he came under the joint care of Dr. McLean and Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.

458.   Dr. McLean's performance of unnecessary and non-indicated cardiac catheterization and stent placement procedures on June 19, 2006 was not an isolated incident. In the months and years before June 19, 2006, Dr. McLean

regularly and repeatedly performed unnecessary and non-indicated procedures in the Catheterization Lab at Peninsula Regional.

459.   Given the close working relationship between Dr. McLean and the Defendants' agents, servants, and/or employees, and the ongoing oversight, monitoring, and evaluation of his actions by the Director of the Catheterization Lab and others on his staff, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through their actual and apparent agents, servants, and/or employees, either knew, or with the exercise of reasonable caution, should have known that Dr. McLean was regularly and repeatedly performing unnecessary and non-indicated cardiac catheterization procedures in its Catheterization Lab, and was thus unqualified or incompetent to perform such procedures, prior to and on June 19, 2006.

460.   Despite their duty to protect Harry Warburton from known or knowable dangers, a duty arising out of their common law obligation to exercise reasonable care and their assumed duties to oversee, monitor, and evaluate the actions of the cardiologists who used their Catheterization Lab, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through its agents, servants, and/or employees, allowed Dr. McLean to

perform unnecessary and non-indicated procedures on Mr. Warburton and assisted him in the procedures.

461. Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Warburton in that they:

a.     allowed Dr. McLean to perform medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Warburton in its Catheterization Lab on June 19, 2006;

b.     failed to revoke or suspend Dr. McLean's privileges or stop allowing him to use the Catheterization Lab prior to him performing the medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Warburton on June 19, 2006;

c.     assisted Dr. McLean and participated in the performance unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Warburton in its Catheterization Lab on June 19, 2006;

d.     failed to determine that Dr. McLean was unqualified or incompetent to perform cardiac catheterizations and stent placements prior to June 19, 2006;

e.      failed to exercise reasonable skill and care in monitoring and supervising Dr. McLean's actions as part of their ongoing privileges and laboratory oversight processes prior to June 19, 2006; and

f.      failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

462.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Harry Warburton, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his/her/their part contributing thereto.

463.   Mr. Warburton was not aware of the information known or knowable

to the actual and apparent agents, servants, and/or employees of Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., until after he and other patients of Dr. McLean were contacted by Peninsula Regional in early 2007.

WHEREFORE, Plaintiff, Harry Warburton, in his individual capacity, hereby claims damages against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

## COUNT 83: NEGLIGENCE (CIVIL CONSPIRACY)
(Harry Warburton, in his Individual Capacity, against Defendants,
John R. McLean, M.D., John R. McLean, M.D & Associates,
Peninsula Regional Medical Center and Peninsula Regional Health System,
Inc.)

464.   Plaintiff, Harry Warburton, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 and 447 through 463 as if fully set forth herein.

465.   Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by agreement or understanding with Dr. McLean, provided him with the medical facilities and assistance needed to perform the

unnecessary and non-indicated procedures on Mr. Warburton, an agreement or understanding that allowed them all to benefit financially from the unnecessary and non-indicated procedures.

466.   As a direct and proximate result of the agreement or understanding between Dr. McLean and Peninsula Regional, Mr. Warburton was subjected to unnecessary and non-indicated cardiac catheterization and stent placement procedures; endured other unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his/her/their part contributing thereto.

WHEREFORE, Plaintiff, Harry Warburton, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D., John R.

McLean, M.D. & Associates, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 84: NEGLIGENCE
(Ronald Williamson, in his Individual Capacity, against John R. McLean, M.D.
and John R. McLean, M.D & Associates)

</div>

467.  Plaintiff, Ronald Williamson, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

468.   Ronald Williamson was admitted to Peninsula Regional Hospital on April 4, 2004 for cardiac catheterization and stent placement procedures.

469.   Prior to his admission, Mr. Williamson had seen his cardiologist, Dr. John McLean, and been told that he needed to undergo catheterization and stent placement procedures because of a significant blockage (95%) in his Left Anterior Descending Coronary Artery.

470.   The catheterization and stent placement procedures were performed as scheduled on April 4, 2004.

471.   In early 2008, Mr. Williamson was contacted by an agent, servant,

<div align="center">210</div>

and/or employee of Peninsula Regional Medical Center who stated that his April 4, 2004 catheterization and stent placement were neither medically necessary nor indicated.

472.   The agent, servant, and/or employee of Peninsula Regional Medical Center stated that Dr. McLean had misread and misinterpreted Mr. Williamson's imaging study and his pre-catheterization condition was not sufficiently serious to require cardiac catheterization and/or stent placement.

473.   Contrary to what Dr. McLean had said, Mr. Williamson had a much smaller blockage in his Left Anterior Descending Coronary Artery, a blockage that was too small to require surgical intervention under the accepted standards of care.

474.   Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Williamson in that they:

a.      failed to properly and appropriately interpret and assess his pre-catheterization stress tests and diagnostic images before recommending and performing the cardiac catheterization and stent placement procedures;

b.      failed to recommend alternative medical therapy or another non-

surgical course of action instead of recommending and performing the cardiac catheterization and stent placement procedures;

c.      failed to promptly recognize that the cardiac catheterization and stent placement procedures were not medically necessary;

d.      performed cardiac catheterization and stent placement procedures that were not medically indicated or necessary; and

e.      failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

475.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Ronald Williamson, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other

economic losses in the future without any negligence on his part contributing thereto.

WHEREFORE, Plaintiff, Ronald Williamson, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

### COUNT 85: NEGLIGENCE
(Ronald Williamson, in his Individual Capacity, against
Defendants, Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

476.  Plaintiff, Ronald Williamson, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

477.  When Mr. Williamson was admitted to Peninsula Regional for his cardiac catheterization and stent placement procedures on April 4, 2004, he came under the joint care of Dr. McLean and Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.

478.  Dr. McLean's performance of unnecessary and non-indicated cardiac catheterization and stent placement procedures on April 4, 2004 was not an

isolated incident. In the months and years before April 4, 2004, Dr. McLean regularly and repeatedly performed unnecessary and non-indicated procedures in the Catheterization Lab at Peninsula Regional.

479.   Given the close working relationship between Dr. McLean and the Defendants' agents, servants, and/or employees, and the ongoing oversight, monitoring, and evaluation of his actions by the Director of the Catheterization Lab and others on his staff, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through their actual and apparent agents, servants, and/or employees, either knew, or with the exercise of reasonable caution, should have known that Dr. McLean was regularly and repeatedly performing unnecessary and non-indicated cardiac catheterization procedures in its Catheterization Lab, and was thus unqualified or incompetent to perform such procedures, prior to and on April 4, 2004.

480.   Despite their duty to protect Mr. Williamson from known or knowable dangers, a duty arising out of their common law obligation to exercise reasonable care and their assumed duties to oversee, monitor, and evaluate the actions of the cardiologists who used their Catheterization Lab, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through its

agents, servants, and/or employees, allowed Dr. McLean to perform unnecessary and non-indicated procedures on Mr. Williamson and assisted him in the procedures.

481. Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Williamson in that they:

a.    allowed Dr. McLean to perform medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Williamson in its Catheterization Lab on April 4, 2004;

b.    failed to revoke or suspend Dr. McLean's privileges or stop allowing him to use the Catheterization Lab prior to him performing the medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Williamson on April 4, 2004;

c.    assisted Dr. McLean and participated in the performance unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Williamson in its Catheterization Lab on April 4, 2004;

d.    failed to determine that Dr. McLean was unqualified or incompetent

to perform cardiac catheterizations and stent placements prior to April 4, 2004;

e.      failed to exercise reasonable skill and care in monitoring and supervising Dr. McLean's actions as part of their ongoing privileges and laboratory oversight processes prior to April 4, 2004; and

f.      failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

482.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Ronald Williamson, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

483. Mr. Williamson was not aware of the information known or knowable to the actual and apparent agents, servants, and/or employees of Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., until after he and other patients of Dr. McLean were contacted by Peninsula Regional in early 2008.

WHEREFORE, Plaintiff, Ronald Williamson, in his individual capacity, hereby claims damages against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 86: NEGLIGENCE (CIVIL CONSPIRACY)
(Ronald Williamson, in his Individual Capacity, against Defendants,
John R. McLean, M.D., John R. McLean, M.D & Associates,
Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

</div>

484. Plaintiff, Ronald Williamson, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 and 467 through 483 as if fully set forth herein.

485. Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by agreement or understanding with Dr. McLean,

provided him with the medical facilities and assistance needed to perform the unnecessary and non-indicated procedures on Mr. Williamson, an agreement or understanding that allowed them all to benefit financially from the unnecessary and non-indicated procedures.

486.   As a direct and proximate result of the agreement or understanding between Dr. McLean and Peninsula Regional, Mr. Williamson was subjected to unnecessary and non-indicated cardiac catheterization and stent placement procedures; endured other unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

WHEREFORE, Plaintiff, Mr. Williamson, in his individual capacity, hereby

claims damages against Defendants, John R. McLean, M.D., John R. McLean, M.D. & Associates, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 87: NEGLIGENCE (CONSORTIUM)
(Ronald and Elizabeth Williamson, as Husband and Wife,
against Defendants, John R. McLean, M.D. and
John R. McLean, M.D & Associates)

</div>

487.   Plaintiffs, Ronald and Elizabeth Williamson, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 467 through 475 as if fully set forth herein.

488. As a direct and proximate result of the negligence of Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Ronald and Elizabeth Williamson, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

489. All of the Williamson's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Ronald and Elizabeth Williamson, as Husband and Wife, hereby claim damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

### COUNT 88: NEGLIGENCE (CONSORTIUM)
(Ronald and Elizabeth Williamson, as Husband and Wife,
against Defendants, Peninsula Regional Medical Center
and Peninsula Regional Health System, Inc.)

490.  Plaintiffs, Ronald and Elizabeth Williamson, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 476 through 483 as if fully set forth herein.

491. As a direct and proximate result of the negligence of Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Ronald and Elizabeth Williamson, as Husband and Wife,

have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

492. All of the Williamson's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Ronald and Elizabeth Williamson, as Husband and Wife, hereby claim damages against Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this act.

<div align="center">

COUNT 89: NEGLIGENCE
(Ronald Williamson, in his Individual Capacity, against John R. McLean,
M.D. and John R. McLean, M.D & Associates)

</div>

493. Plaintiff, Ronald Williamson, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

494.  Ronald Williamson was admitted to Peninsula Regional Hospital on

May 3, 2006 for cardiac catheterization and stent placement procedures.

495.   Prior to his admission, Mr. Williamson had seen his cardiologist, Dr. John McLean, and been told that he needed to undergo catheterization and stent placement procedures because of a significant blockage (90%) in his Right Coronary Artery.

496.   The catheterization and stent placement procedures were performed as scheduled on May 3, 2006.

497.   In early 2008, Mr. Williamson was contacted by an agent, servant, and/or employee of Peninsula Regional Medical Center who stated that his May 3, 2006 catheterization and stent placement were neither medically necessary nor indicated.

498.   The agent, servant, and/or employee of Peninsula Regional Medical Center stated that Dr. McLean had misread and misinterpreted Mr. Williamson's imaging study and his pre-catheterization condition was not sufficiently serious to require cardiac catheterization and/or stent placement.

499.   Contrary to what Dr. McLean had said, Mr. Williamson had a much smaller blockage in his Right Coronary Artery, a blockage that was too small to require surgical intervention under the accepted standards of care.

500.   Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Williamson in that they:

a.      failed to properly and appropriately interpret and assess his pre-catheterization stress tests and diagnostic images before recommending and performing the cardiac catheterization and stent placement procedures;

b.      failed to recommend alternative medical therapy or another non-surgical course of action instead of recommending and performing the cardiac catheterization and stent placement procedures;

c.      failed to promptly recognize that the cardiac catheterization and stent placement procedures were not medically necessary;

d.      performed cardiac catheterization and stent placement procedures that were not medically indicated or necessary; and

e.      failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

501.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Ronald Williamson, endured unnecessary, significant, traumatic, and

painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

WHEREFORE, Plaintiff, Ronald Williamson, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

## COUNT 90: NEGLIGENCE
(Ronald Williamson, in his Individual Capacity, against
Defendants, Peninsula Regional Medical Center and
Peninsula Regional Health System, Inc.)

502. Plaintiff, Ronald Williamson, in his individual capacity, hereby

reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

503.   When Mr. Williamson was admitted to Peninsula Regional for his cardiac catheterization and stent placement procedures on May 3, 2006, he came under the joint care of Dr. McLean and Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.

504.   Dr. McLean's performance of unnecessary and non-indicated cardiac catheterization and stent placement procedures on May 3, 2006 was not an isolated incident. In the months and years before May 3, 2006, Dr. McLean regularly and repeatedly performed unnecessary and non-indicated procedures in the Catheterization Lab at Peninsula Regional.

505.   Given the close working relationship between Dr. McLean and the Defendants' agents, servants, and/or employees, and the ongoing oversight, monitoring, and evaluation of his actions by the Director of the Catheterization Lab and others on his staff, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through their actual and apparent agents, servants, and/or employees, either knew, or with the exercise of reasonable caution, should have known that Dr. McLean was regularly and repeatedly

performing unnecessary and non-indicated cardiac catheterization procedures in its Catheterization Lab, and was thus unqualified or incompetent to perform such procedures, prior to and on May 3, 2006.

506.   Despite their duty to protect Mr. Williamson from known or knowable dangers, a duty arising out of their common law obligation to exercise reasonable care and their assumed duties to oversee, monitor, and evaluate the actions of the cardiologists who used their Catheterization Lab, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through its agents, servants, and/or employees, allowed Dr. McLean to perform unnecessary and non-indicated procedures on Mr. Williamson and assisted him in the procedures.

507. Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Williamson in that they:

a.      allowed Dr. McLean to perform medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Williamson in its Catheterization Lab on May 3, 2006;

b.      failed to revoke or suspend Dr. McLean's privileges or stop allowing him to use the Catheterization Lab prior to him performing the medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Williamson on May 3, 2006;

c.      assisted Dr. McLean and participated in the performance unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Williamson in its Catheterization Lab on May 3, 2006;

d.      failed to determine that Dr. McLean was unqualified or incompetent to perform cardiac catheterizations and stent placements prior to May 3, 2006;

e.      failed to exercise reasonable skill and care in monitoring and supervising Dr. McLean's actions as part of their ongoing privileges and laboratory oversight processes prior to May 3, 2006; and

f.      failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

508.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Ronald Williamson, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and

care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

509.   Mr. Williamson was not aware of the information known or knowable to the actual and apparent agents, servants, and/or employees of Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., until after he and other patients of Dr. McLean were contacted by Peninsula Regional in early 2008.

WHEREFORE, Plaintiff, Ronald Williamson, in his individual capacity, hereby claims damages against Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

COUNT 91: NEGLIGENCE (CIVIL CONSPIRACY)
(Ronald Williamson, in his Individual Capacity, against Defendants, John R.
McLean, M.D., John R. McLean, M.D & Associates,
Peninsula Regional Medical Center and Peninsula Regional
Health System, Inc.)

510.  Plaintiff, Ronald Williamson, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 and 493 through 509 as if fully set forth herein.

511.  Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by agreement or understanding with Dr. McLean, provided him with the medical facilities and assistance needed to perform the unnecessary and non-indicated procedures on Mr. Williamson, an agreement or understanding that allowed them all to benefit financially from the unnecessary and non-indicated procedures.

512.  As a direct and proximate result of the agreement or understanding between Dr. McLean and Peninsula Regional, Mr. Williamson was subjected to unnecessary and non-indicated cardiac catheterization and stent placement procedures; endured other unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the

future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his part contributing thereto.

WHEREFORE, Plaintiff, Mr. Williamson, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D., John R. McLean, M.D. & Associates, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 92: NEGLIGENCE (CONSORTIUM)
(Ronald and Elizabeth Williamson, as Husband and Wife,
against Defendants, John R. McLean, M.D. and
John R. McLean, M.D & Associates)

</div>

513.   Plaintiffs, Ronald and Elizabeth Williamson, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 493 through 501 as if fully set forth herein.

<div align="center">230</div>

514. As a direct and proximate result of the negligence of Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Ronald and Elizabeth Williamson, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

515. All of the Williamson's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Ronald and Elizabeth Williamson, as Husband and Wife, hereby claim damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

COUNT 93: NEGLIGENCE (CONSORTIUM)
(Ronald and Elizabeth Williamson, as Husband and Wife,
against Defendants, Peninsula Regional Medical Center
and Peninsula Regional Health System, Inc.)

516.   Plaintiffs, Ronald and Elizabeth Williamson, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 502 through 509 as if fully set forth herein.

517. As a direct and proximate result of the negligence of Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Ronald and Elizabeth Williamson, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

518. All of the Williamson's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Ronald and Elizabeth Williamson, as Husband and Wife, hereby claim damages against Defendants, Peninsula Regional Medical

Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this act.

<div align="center">

COUNT 94: NEGLIGENCE
(Frank Workman, in his Individual Capacity, against John R. McLean, M.D. and John R. McLean, M.D & Associates)

</div>

519.   Plaintiff, Frank Workman, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

520.   Frank Workman was admitted to Peninsula Regional Hospital on June 20, 2006 for cardiac catheterization and stent placement procedures.

521.   Prior to his admission, Mr. Workman had seen his cardiologist, Dr. John McLean, and been told that he needed to undergo catheterization and stent placement procedures because of a significant blockage (90%) in his Left Anterior Descending Coronary Artery.

522.   The catheterization and stent placement procedures were performed as scheduled on June 20, 2006.

523.   In 2007, Mr. Workman was contacted by an agent, servant, and/or employee of Peninsula Regional Medical Center who stated that his June 20, 2006

catheterization and stent placement were neither medically necessary nor indicated.

524.   The agent, servant, and/or employee of Peninsula Regional Medical Center stated that Dr. McLean had misread and misinterpreted Mr. Workman's imaging study and his pre-catheterization condition was not sufficiently serious to require cardiac catheterization and/or stent placement.

525.   Contrary to what Dr. McLean had said, Mr. Workman had a much smaller blockage in his Left Anterior Descending Coronary Artery, a blockage that was too small to require surgical intervention under the accepted standards of care.

526.   Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Workman in that they:

a.     failed to properly and appropriately interpret and assess his pre-catheterization stress tests and diagnostic images before recommending and performing the cardiac catheterization and stent placement procedures;

b.     failed to recommend alternative medical therapy or another non-surgical course of action instead of recommending and performing the cardiac catheterization and stent placement procedures;

c.     failed to promptly recognize that the cardiac catheterization and stent placement procedures were not medically necessary;

d.     performed cardiac catheterization and stent placement procedures that were not medically indicated or necessary; and

e.     failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

527.   As a direct and proximate result of the negligence of the Defendants, Plaintiff, Frank Workman, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his/her/their part contributing thereto.

WHEREFORE, Plaintiff, Frank Workman, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<u>COUNT 95: NEGLIGENCE</u>
(Frank Workman, in his Individual Capacity, against Defendants,
Peninsula Regional Medical Center and Peninsula Regional Health System,
Inc.)

528.   Plaintiff, Frank Workman, in his individual capacity, hereby reasserts and incorporates by reference the allegations contained in paragraphs 1 through 28 as if fully set forth herein.

529.   When Mr. Workman was admitted to Peninsula Regional for his cardiac catheterization and stent placement procedures on June 20, 2006, he came under the joint care of Dr. McLean and Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.

530.   Dr. McLean's performance of unnecessary and non-indicated cardiac catheterization and stent placement procedures on June 20, 2006 was not an isolated incident. In the months and years before June 20, 2006, Dr. McLean regularly and repeatedly performed unnecessary and non-indicated procedures in

the Catheterization Lab at Peninsula Regional.

531.   Given the close working relationship between Dr. McLean and the Defendants' agents, servants, and/or employees, and the ongoing oversight, monitoring, and evaluation of his actions by the Director of the Catheterization Lab and others on his staff, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through their actual and apparent agents, servants, and/or employees, either knew, or with the exercise of reasonable caution, should have known that Dr. McLean was regularly and repeatedly performing unnecessary and non-indicated cardiac catheterization procedures in its Catheterization Lab, and was thus unqualified or incompetent to perform such procedures, prior to and on June 20, 2006.

532.   Despite their duty to protect Frank Workman from known or knowable dangers, a duty arising out of their common law obligation to exercise reasonable care and their assumed duties to oversee, monitor, and evaluate the actions of the cardiologists who used their Catheterization Lab, Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., by and through its agents, servants, and/or employees, allowed Dr. McLean to perform unnecessary and non-indicated procedures on Mr. Workman and assisted

him in the procedures.

533.    Defendants, Peninsula Regional Medical Center and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, were negligent and careless in their care and treatment of Mr. Workman in that they:

a.    allowed Dr. McLean to perform medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Workman in its Catheterization Lab on June 20, 2006;

b.    failed to revoke or suspend Dr. McLean's privileges or stop allowing him to use the Catheterization Lab prior to him performing the medically unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Workman on June 20, 2006;

c.    assisted Dr. McLean and participated in the performance unnecessary and non-indicated cardiac catheterization and stent placement procedures on Mr. Workman in its Catheterization Lab on June 20, 2006;

d.    failed to determine that Dr. McLean was unqualified or incompetent to perform cardiac catheterizations and stent placements prior to June 20, 2006;

e.    failed to exercise reasonable skill and care in monitoring and

supervising Dr. McLean's actions as part of their ongoing privileges and laboratory oversight processes prior to June 20, 2006; and

f.      failed to comply with the applicable standards of care in the circumstances presented and was otherwise negligent and careless.

534.  As a direct and proximate result of the negligence of the Defendants, Plaintiff, Frank Workman, endured unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his/her/their part contributing thereto.

535.  Mr. Workman was not aware of the information known or knowable to the actual and apparent agents, servants, and/or employees of Defendants,

Peninsula Regional Medical Center and Peninsula Regional Health System, Inc.,

until after he and other patients of Dr. McLean were contacted by Peninsula

Regional in early 2007.

WHEREFORE, Plaintiff, Frank Workman, in his individual capacity, hereby

claims damages against Defendants, Peninsula Regional Medical Center and

Peninsula Regional Health System, Inc., jointly and severally, in an amount in

excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars),

together with all of the costs of this action.

<div align="center">COUNT 96: NEGLIGENCE (CIVIL CONSPIRACY)</div>
<div align="center">(Frank Workman, in his Individual Capacity, against Defendants,<br>John R. McLean, M.D., John R. McLean, M.D & Associates,<br>Peninsula Regional Medical Center and Peninsula Regional Health System,<br>Inc.)</div>

536.   Plaintiff, Frank Workman, in his individual capacity, hereby reasserts

and incorporates by reference the allegations contained in paragraphs 1 through 28

and 519 through 535 as if fully set forth herein.

537. Defendants, Peninsula Regional Medical Center and Peninsula

Regional Health System, Inc., by agreement or understanding with Dr. McLean,

provided him with the medical facilities and assistance needed to perform the

unnecessary and non-indicated procedures on Mr. Workman, an agreement or

<div align="center">240</div>

understanding that allowed them all to benefit financially from the unnecessary and non-indicated procedures.

538.   As a direct and proximate result of the agreement or understanding between Dr. McLean and Peninsula Regional, Mr. Workman was subjected to unnecessary and non-indicated cardiac catheterization and stent placement procedures; endured other unnecessary, significant, traumatic, and painful medical procedures, treatment, and care; will likely be caused to undergo additional significant, traumatic, and painful medical procedures, treatment, and care in the future; was caused to endure physical and emotional injury, trauma, upset, and other injuries; will likely be caused to endure physical and emotional injury, trauma, upset, and other injuries in the future; suffered economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses; and will likely suffer economic losses including, but not limited to, medical and other expenses, lost wages and earnings, and other economic losses in the future without any negligence on his/her/their part contributing thereto.

WHEREFORE, Plaintiff, Frank Workman, in his individual capacity, hereby claims damages against Defendants, John R. McLean, M.D., John R. McLean, M.D. & Associates, Peninsula Regional Medical Center, and Peninsula Regional

Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

<div align="center">

COUNT 97: NEGLIGENCE (CONSORTIUM)
(Frank and Shirley Workman, as Husband and Wife,
against Defendants, John R. McLean, M.D. and
John R. McLean, M.D & Associates)

</div>

539. Plaintiffs, Frank and Shirley Workman, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 519 through 527 as if fully set forth herein.

540. As a direct and proximate result of the negligence of Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Frank and Shirley Workman, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

541. All of the Workman's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their

actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Frank and Shirley Workman, as Husband and Wife, hereby claim damages against Defendants, John R. McLean, M.D. and John R. McLean, M.D. & Associates, jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action.

### COUNT 98: NEGLIGENCE (CONSORTIUM)
(Frank and Shirley Workman, as Husband and Wife,
against Defendants, Peninsula Regional Medical Center
and Peninsula Regional Health System, Inc.)

542.   Plaintiffs, Frank and Shirley Workman, as Husband and Wife, hereby reassert and incorporate by reference the allegations contained in paragraphs 1 through 28 and 528 through 535 as if fully set forth herein.

543. As a direct and proximate result of the negligence of Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., directly and by and through their actual and apparent agents, servants, and/or employees, Plaintiffs, Frank and Shirley Workman, as Husband and Wife, have been caused to suffer severe mental anguish and emotional pain and have lost and

been deprived of the advice, aid, assistance, attention, care, comfort, companionship, counsel, services, society, and support of each other.

544. All of the Workman's injuries and damages were caused by the wrongful acts and omissions of the Defendants, directly and by and through their actual and apparent agents, servants, and/or employees, without any negligence on their part contributing thereto.

WHEREFORE, Plaintiffs, Frank and Shirley Workman, as Husband and Wife, hereby claim damages against Defendants, Peninsula Regional Medical Center, and Peninsula Regional Health System, Inc., jointly and severally, in an amount in excess of the jurisdictional limit of $75,000.00 (Seventy Five Thousand Dollars), together with all of the costs of this action

Respectfully submitted,

_____
Stuart M. Salsbury
E. Dale Adkins, III
Gregory G. Hopper
Salsbury, Clements, Bekman,
   Marder & Adkins, LLC
300 West Pratt Street, Suite 450
Baltimore, Maryland 21201
(410) 539-6633

Attorneys for Plaintiffs

244