```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF MARYLAND


ISABEL BAUBLITZ, et al.        *
                               *
v.                             *
                               *   Civil Action No. WMN-10-819
PENINSULA REGIONAL MEDICAL     *
CENTER, et al.                 *
                               *
 *   *   *   *   *   *   *   *   *   *   *   *   *   *   *
```

**MEMORANDUM**

Before the Court is a motion to dismiss the claims of Plaintiffs Dennard Quillen and Marie Hill. ECF No. 34. The motion is fully briefed. Upon review of the motions and the applicable case law, the Court determines that no hearing is necessary, Local Rule 105.6, and that the motion will be denied.

**I. BACKGROUND**

This case arises out of allegations concerning the medical practice of Defendant McLean. McLean was a cardiologist and it is alleged that he performed a vast number of unnecessary cardiac catheterization and stent placement surgeries. Plaintiffs in this action include thirteen patients who underwent these alleged unnecessary procedures. The sole issue raised in the pending motion is whether two of those Plaintiffs, Dennard Quillen and Marie Hill, timely met their obligations to file expert certificates while their claims were pending in the Health Care Alternative Dispute Resolution Office (HCADRO).

The facts relevant to this motion are undisputed and relatively straightforward.  The claims related to the medical treatment of Dennard Quillen were filed in HCADRO on or about April 21, 2009.  The claims related to the medical treatment of Marie Hill were filed in HCADRO on or about July 2, 2009.  Under Section 3-2A-04(b)(1)(i) of the Courts and Judicial Proceedings Article of the Maryland Code, a claimant must file a Certificate of Qualified Expert within 90 days after the filing of the claim.  Section 3-2A-04(b)(1)(ii) states that "the panel chairman or the court shall grant an extension of no more than 90 days for filing the certificate" where two conditions are met: (1) the limitations period applicable to the claim or action has expired, and (2) the failure to file the certificate was neither willful nor the result of gross negligence.  Assuming Quillen and Hill were entitled to the 90-day extension under § 3-2A-04(b)(1)(ii), Quillen's certificate was due no later than October 18, 2009, and Hill's no later than December 29, 2009.  Quillen's and Hill's certificates were not filed within those deadlines.

In addition to the extension available under § 3-2A-04(b)(ii) of the Courts and Judicial Proceedings Article, a "good cause" extension is provided under § 3-2A-04(b)(5) and § 3-2A-05(j).  Section 3-2A-04(b)(5) states that "[a]n extension of the time allowed for filing a certificate of a qualified

expert under this subsection <u>shall</u> be granted for good cause shown." (Emphasis added).  Section 3-2A-05(j), which is part of the section dealing specifically with the arbitration of claims, provides that "[e]xcept for time limitations pertaining to the filing of a claim or response, the [HCADRO] Director or the [arbitration] panel chairman, for good cause shown, may lengthen or shorten the time limitations prescribed in subsections (b) and (g) of this section <u>and § 3-2A-04 of this article</u>." (Emphasis added).

It is undisputed that Plaintiffs Quillen and Hill did not file requests under these "good cause" provisions prior to the expiration of the initial 180-day time period.  Accordingly, on January 29, 2010, Defendants filed a motion in HCADRO to dismiss their claims.  Shortly thereafter, Plaintiffs filed their expert's certificate.  About the same time, Plaintiffs filed a request for a good cause extension of time in which they explained the reasons for the delay in filing the certificate, including the difficulties they encountered in obtaining medical records.  Plaintiffs also filed an opposition to the motion to dismiss.  On March 2, 2010, the Director of HCADRO granted Plaintiffs' request for an extension of time and denied the Defendants' motion to dismiss.

In the motion to dismiss now before this Court, Defendants argue that the Director of HCADRO did not have the authority to

3

grant Plaintiffs' request for the extension of the deadline to file their certificates because the request was filed more than 180 days after the filing of their claims. It is Defendants' view that, once the 180-day statutory period for filing a certificate expires, it cannot be extended and dismissal is mandatory. Plaintiffs counter that Maryland courts have repeatedly rejected the exact position now advanced by Defendants.

In pressing their arguments, Plaintiffs and Defendants direct the Court to many of the same cases. Unfortunately, the Maryland cases are not as clear as one might wish on the issue of whether motions to extend for "good cause" under § 3-2A-04(b)(5) and § 3-2A-05(j) can be filed after the 180 days permitted under § 3-2A-04(b)(1)(i) and § 3-2A-04(b)(1)(ii). As discussed below, several of those decisions, particularly those of the Maryland Court of Appeals, were ultimately decided on other grounds and mention the permissible timing of requests for extensions for good cause only in dicta. Furthermore, these decisions contain language that appears to support the positions of both Plaintiffs and Defendants. As also discussed below, however, a recent decision of the Maryland Court of Special Appeals squarely addresses the issue at hand and resolves it in favor of Plaintiffs.

Before reviewing the Court of Appeals decisions relied upon most heavily by the parties, the Court turns to a much older decision of the Maryland Court of Special Appeals that also directly addresses the issue of whether a motion for extension of time for good cause under § 3-2A-04(b)(5) can be filed after the time permitted under § 3-2A-04(b)(1) has expired. Robinson v. Pleet, 544 A.2d 1 (Md. Ct. Spec. App. 1988). When Robinson was decided, the Code only permitted claimants the initial 90-day period in which to file their expert certificates. The plaintiff in Robinson did not file a certificate or request an extension within that 90-day period and her claim was dismissed by the Health Claims Arbitration Office (HCAO).[1] In holding that the HCAO was correct in dismissing the action, the Court of Appeals focused on the "shall be dismissed" language in (b)(1) and declared,

> subsection (b)(1) (which states that the certificate must be filed within 90 days) and subsection (b)(5) (which gives a claimant the right to request an extension) can be construed consistently if (b)(5) simply gives a claimant the right to request an extension *before* the expiration of the 90 day period. If such a request is not made and granted, then dismissal is mandatory under (b)(1) for noncompliance with the statute.

544 A.2d 1 (emphasis in original).

---

[1] Prior to January 11, 2005, the HCADRO was known as the Health Claims Arbitration Office.

5

Reacting to the perceived harshness of the Robinson decision, Maryland's General Assembly in the very next legislative session amended the Code to add the 90-day extension now codified at § 3-2A-04(b)(1)(ii). In McCready Memorial Hosp. v. Hauser, 624 A.2d 1249 (Md. 1993), the Court of Appeals discussed the interpretation and application of that provision and held that the extension was automatic if its two conditions are met and that the second 90-day period commences to run on the date that the first 90-day period expires. Under that interpretation, the court found that the plaintiffs' claim was properly dismissed by the HCAO because they failed to file the requisite certificate within 180 days of the filing of their claim. 624 A.2d at 1257.

The McCready court specifically noted, however, that the plaintiffs "did not seek a 'good cause' extension under § 3-2A-04(b)(5) or § 3-2A-05(j) or otherwise allege that 'good cause' existed for an extension." Id. at 1252. Thus, the Court stated that it was not expressing any opinion as to "the time frame in which a claimant must request an extension under § 3-2A-04(b)(5)" or as to the continued "viability of Robinson." Id. at 1253. Nonetheless, the Court opined "that there could conceivably be instances where there might be 'good cause' to grant a request for an extension that was made after the initial ninety-day period, in lieu of dismissing the claim." Id. at

6

1253 n.5.  The Court also noted that the good cause provisions in § 3-2A-04(b)(5) and § 3-2A-05(j) "are silent as to the timing of a request."  Id. at 1255.

The Maryland Court of Appeals next discussed the timing for requests for a good cause extension in Navarro-Monzo v. Washington Adventist Hosp., 844 A.2d 406 (Md. 2004), again under circumstances where the court did not need to decide the issue now before this Court, i.e., whether the HCADRO can consider a request for an extension made after the previous deadline has expired.  Under the somewhat convoluted facts in Navarro-Monzo, there was some ambiguity both as to whether the claimants had requested extensions under (b)(1) or under (b)(5) and as to the dates on which previously granted extensions were to expire.  The Court ultimately held, however, that the claimants had made each of their requests before the previous deadlines had expired and that those requests were made under (b)(5) and properly granted.  844 A.2d at 411-12.

Both Plaintiffs and Defendants cite language from Navarro-Monzo which they contend supports their respective positions. Defendants, on the one hand, quote other dicta from Navarro-Monzo for the proposition that "'[o]nce that [180-day] period expired without a request for further good cause extension, § 3-2A-04(b)(1)(i) became applicable and the claim was required to be dismissed.'"  Reply at 5 (quoting Navarro-Munzo at 411,

7

emphasis added by Defendants).  Plaintiffs, on the other hand quote <u>Navarro-Monzo</u> as holding "'[Under § 3-2A-04(b)(5) and § 3-2A-05(j), the Director] retain[s] the authority to grant a further extension, <u>beyond</u> 180 days from filing of the claim, upon a showing of good cause.'"  Opp'n at 6 (quoting <u>Navarro-Monzo</u> at 412, emphasis added by Plaintiffs).  This language, of course, could mean nothing more than a good cause extension could be granted for a period of time greater than 180 days.

Elsewhere in the opinion, the Court of Appeals at least implicitly states that motions for extensions of time can be filed more than 180 days after the filing of the claim:

> Appellees present the same argument to us that they raised in the Circuit Court, namely, that § 3-2A-04(b)(1)(ii) permits but one 90-day extension and that, if any further extension is to be sought under either § 3-2A-04(b)(5) or § 3-2A-05(j), the extension must be sought before the expiration of the 90-day extension granted under § 3-2A-04(b)(1)(ii). Relying on <u>McCready</u>, they aver that, once that extension period expires, the claim must be dismissed. Their reliance, and the Circuit Court's reliance, on <u>McCready</u> is misplaced.

844 A.2d at 409.  The Court also repeats its observation in <u>McCready</u> that § 3-2A-04(b)(5) and § 3-2A-05(j) are "silent as to the timing of a request."  <u>Id.</u> at 411.

The Maryland Court of Appeals next revisits these statutory provisions in <u>Carroll v. Konits</u>, 929 A.2d 19 (Md. 2007).  <u>Carroll</u> did involve a motion for a good cause extension under § 3-2A-04(b)(5) and § 3-2A-05(j) and addressed the timeliness of

8

such a motion filed after the 180 days permitted under subsection (b)(1). While the court addressed the timeliness issue, the case was actually decided on a different issue altogether, i.e., the adequacy of the certificate. The court ultimately held that the certificate submitted by the claimant was deficient and the case was properly dismissed on that ground. 929 A.2d at 38. Thus, the court's discussion of timeliness and the appropriateness of the HCADRO's grant of an extension was dicta.

Nonetheless, Carroll's discussion of the good cause extension and particularly the Court of Appeals' characterization of its previous decision in Navarro-Munzo is instructive. In Carroll, the claimant filed what was purported to be an expert certificate within the initial 180-day period. After the 180-day period expired, however, the defendant health care provider filed a motion to dismiss the claim on the ground that the purported certificate was inadequate. Immediately thereafter, the claimant requested an extension of 60 days in order to correct the deficiencies in the document filed. The HCADRO Director granted that request and the claimant filed an amended certificate within the new permitted timeframe. The Court of Appeals concluded that this amended certificate was still inadequate and thus the claim was properly dismissed.

In arguing that the amended certificate should never have been considered, the defendant made precisely the same argument now advanced here by Defendants: "that no extension could be granted for good cause because Carroll did not request the good cause extension within the 180-day period." Id. at 29. The Carroll court responded, "[w]e rejected that exact argument in Navarro-Munzo." Id. The court also cited its previous decision in McCready for the proposition that "the good cause extensions are 'malleable[,]' again, generally, leaving room for the Director's discretion." Id. at 30 (quoting McCready, 624 A.2d at 1255). The court concluded its discussion of this issue: "In accordance with the statutory language and consistent with our prior case law, we believe that the General Assembly made it clear that the good cause extensions are discretionary and without time limitations, so long as the Claimant demonstrates good cause." Id.[2]

The year after Carroll was decided, the Maryland Court of Special Appeals in Kearney v. Berger, 957 A.2d 682 (Md. Ct. Spec. App. 2008) (Kearney I), provided what is perhaps the clearest guidance on the issue at hand. The opinion begins by

---

[2] While the language of Carroll is generally favorable to Plaintiffs, this Court notes that in presenting the factual background of that case, that court opined in a footnote that the "extension occurred when there was nothing to extend. The original 90 + 90, i.e., 180 day period had already expired." 929 A.2d at 24 n.5.

declaring that "this medical malpractice appeal requires us to consider, inter alia, whether a Motion for Extension for Good Cause must be filed within the statutory 180-day time period as provided in Md.Code. Ann. § 3-2A-04 of the Courts and Judicial Proceedings Article." 957 A.2d at 683. The plaintiff in Kearney had filed an expert certificate at the same time he filed his claim in the HCADRO. That certificate was deficient, however, and the plaintiff moved for an extension of time to amend the certificate. The motion for extension of time was denied as untimely by the circuit court on the ground that it was filed more than 180 days after the filing of the claim in HCADRO. Id. at 684.

In concluding that the motion for extension was timely filed, the Court of Special Appeals looked first to the language of the statute and observed "[i]t is evident at a glance that the legislative intent as to the timing of the extension for good cause is not clear from the words of the statute alone." Id. at 688. The court then reasoned that "[h]ad the Legislature intended to restrict the timing of the extension for good cause, by stating that the request must be made within the 180-day statutory period, it could have said so. It did not say so in 1989, and it has not said so in the 19 years since." Id. To bolster that argument, the court cited an example of a statute where the Legislature included the phrase "before its

11

expiration" in provisions pertaining to the timing of requests for extensions. Id. (citing Md. Code. Ann., Est. & Trusts § 3-206(a)(2)). "By including precise language about the timing of the request in one provision pertaining to extensions, one may infer that the General Assembly intended to exclude the requirement that the request be made before the expiration of the allowable period in the good cause provisions of [§ 3-2A-04(b)(5)]." The court in Kearney I also looked to the language from Carroll that was quoted above by this Court.[3]

After concluding that the motion for extension of time was timely, the Kearney I court remanded the case to the circuit court for resolution of the issue as to whether the plaintiff had good cause for an extension. On remand, the circuit court judge found that there was not good cause for an extension and the case was again dismissed. That decision was appealed and the case again made its way to the Maryland Court of Appeals where that court affirmed the decision of the circuit court. Kearney v. Berger, 7 A.3d 593 (Md. 2010) (Kearney II). At oral

---

[3] The court in Kearney I acknowledged that the discussion in Carroll was dicta. See 957 A.2d at 689 n.6. The Kearney I court also seemed to imply that Carroll may have misread the teaching of Navarro-Monzo. See id. at 689 (observing that the court in Navarro-Monzo "held that if a valid certificate was not filed within the requisite statutory period, '§ 3-2A04(b)(1)(i) became applicable and the claim was required to be dismissed'"). Nonetheless, the Kearney I court concluded that "it remains that the Court in Carroll determined that a good cause extension could be granted beyond the 180-day time period, and that determination binds this Court." Id.

12

argument, the health care provider attempted to argue that the plaintiffs could not receive the good cause extension because they requested the extension more than 180 days after filing their claim in HCADRO, but the Court of Appeals concluded that this issue was not properly before the court. 7 A.3d at 613 n.15. Contrary to Plaintiffs' contention, Opp'n at 11, the Court of Appeals in Kearney II did not state that the plaintiffs would have been entitled to an extension if they had established good cause. The court simply observed that the Court of Special Appeals had resolved that issue in the plaintiffs' favor and "assumed" that they would have been entitled to an extension upon a showing of good cause. Id.

While perhaps not as definitive or as thoroughly reasoned as one might wish, the clear weight of Maryland authority teaches that HCADRO has the discretion to grant motions for extensions of time under § 3-2A-04(b)(5) and § 3-2A-05(j) that were filed after the 180 days permitted under § 3-2A-04(b)(1)(i) and § 3-2A-04(b)(1)(ii). Accordingly, Defendants' motion will be denied. A separate order will issue.

_____/s/_____
William M. Nickerson
Senior United States District Judge

Dated: July 28, 2011.